No. 85-130

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

IN THE MATTER OF THE ESTATE
OF GARLAND S. COUNTS, Deceased.

APPEAL FROM: District Court of the Sixth Judicial District,
In and for the County of Park,
The Honorable Byron Robb, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Robert J. Jovick, Livingston, Montana

For Respondent:

David W. DePuy, Livingston, Montana

Submitted on Briefs: June 6, 1985

Decided: August 20, 1985

Filed: AUG 20 1985

Ethel M. Harrison
_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is an appeal from an order of the Sixth Judicial District, Park County, dismissing Marie Kingrey's petition to remove the co-personal representatives of the estate of Garland Counts. The order of the District Court is affirmed.

Garland Counts died intestate on March 7, 1980. Henry and Gool Counts were appointed co-personal representatives on April 15, 1980 after an intestacy hearing determining heirs. There were 38 original heirs, six of whom have died, their descendants increasing the heirs to at least 50. The estate held interest in 37 unpatented and 3 patented mining claims. Some heirs independently own interests in mining claims near the estate's interests.

On April 27, 1982 the co-personal representatives filed their first accounting, which was approved July 27, 1982. On October 9, 1982 the co-personal representatives filed a second accounting. Notice was given and a hearing was held before each accounting was approved by the District Court.

On November 19, 1984, one of the heirs, Marie Kingrey, petitioned the District Court for removal of the personal representatives for failure to use reasonable efforts to sell the mining claims, for conflict of interest, excessive expenditures on mining claims, and failure to file receipts with the court. Kingrey also filed interrogatories relating to her petition to remove the co-personal representatives.

The co-personal representatives moved the court to issue a protective order that they need not answer the following interrogatory:

> "INTERROGATORY NO. 1: List all persons, their
> names, addresses and telephone numbers who were

- 2 -

contacted by the personal representatives with regard to sale of the mining claim assets in the estate of Garland S. Counts, and as to each such person identify:

"(a)   The date the contact was made.

"(b)   Where the contact was made.

"(c)   The persons present when the contact was made.
"(d)   The specific claims discussed.

"(e)   Describe any offers received."

The District Court heard the interrogatory motion but did not hold a hearing on removing the personal representatives. The court, after examining evidence in camera, granted the co-personal representatives' motion not to answer the interrogatory. The court denied the motion to remove the co-personal representatives, concluding that the co-personal representatives should continue to administer the estate and file a third accounting. The court stated that if the heirs were then dissatisfied they could renew their request for an answer to the interrogatory and for removal of the co-personal representatives.

Kingrey raises 4 issues:

I. Does § 72-3-526, MCA, require a hearing on every petition for removal of a personal representative?

II. Did dismissing the petition for removal of personal representatives without a hearing deny Kingrey due process and access to the courts?

III. Should Kingrey have been granted access to information on the personal representatives' efforts to sell state mining claims?

IV. Should Kingrey be awarded attorney fees upon the common fund concept and upon equitable grounds?

- 3 -

## Issue #1

Section 72-3-526(1), MCA, the statute Kingrey cites, states:

"A person interested in the estate may petition for removal of a personal representative for cause at any time. Upon filing of the petition, the court shall fix a time and place for hearing . . . "

Kingrey argues that this statute makes a hearing mandatory when a petition for removal is filed. We agree that the statute mandates a hearing if the petition states a cause for removal. In this case, however, the petition for removal stated no grounds upon which removal could be granted. The District Court had recently held a hearing and approved the second accounting. The contentions made in the petition for removal were based on matters previously settled.

The second paragraph of § 72-3-526, MCA, gives the statutory causes for removal.

"(2) Cause for removal exists:

"(a) when removal would be in the best interests of the estate; or

"(b) if it is shown that a personal representative or the person seeking his appointment intentionally misrepresented material facts in the proceedings leading to his appointment or that the personal representative has disregarded an order of the court, has become incapable of discharging the duties of his office, or has mismanaged the estate or failed to perform any duty pertaining to the office."

The District Court concluded that:

"[T]he court has approved the first and second accounts of the personal representatives after hearing in open court following due notice to all heirs, the most recent of which was on November 5, 1984, thereby confirming the personal representatives actions and administration up to that time, and that the petition for their removal so soon thereafter does not establish any new grounds or constitute good cause for review or reconsideration at this time." (Emphasis added.)

We agree with this conclusion.

The grounds for removing personal representatives are narrow and the District Court's discretion in probate matters is broad. This Court will not interfere with a District Court decision unless it is clearly established that the District Court abused its discretion. There has been no such showing here.

The District Court properly concluded that the petition for removal was based on subjects covered in the first and second accountings of the personal representatives. No objections were made by the heirs to the accounts, and the orders settling the accounts had become final. The time for objecting to most matters of misconduct or malfeasance on the part of personal representatives is upon hearing for settlement of their accounts. See C. Hillyer, Bancroft's Probate Practice (2d ed. 1950) (Banc Pro. Prac. 2d), § 297. The settlement and allowance of accounts in the courts of administration of estates is conclusive upon all persons interested in the estate, except those laboring under some disability. In Re Astibia's Estate (1935), 100 Mont. 224, 46 P.2d 712; In Re McClure's Estate (1931), 90 Mont. 502, 3 P.2d 1056. And see In Re Sullivan's Estate (Ariz. 1938), 51 Ariz. 483, 78 P.2d 132, and In Re Barreiro's Estate (Cal. App. 1932), 125 Cal.App. 153, 13 P.2d 1017.

### Issue #II

Kingrey argues that the District Court's refusal to hear the evidence supporting her petition for removal denied her her right to present her cause and receive due process. The procedural history facts of this case do not support her contention that she was denied an opportunity to be heard.

As the District Court stated in its finding of fact, issues relating to this estate were heard on several occasions. There had been two hearings in open court before the approval of the first and second accountings. There was also a hearing on the interrogatory issue discussed below. Kingrey had several opportunities to be heard.

Due process does not require a new hearing on matters that are res judicata. At the hearings on the first and second accountings Kingrey had an opportunity to be heard concerning the causes for removal of the personal representative. Kingrey's relief from the approval of the accounts was to appeal the order approving the accounting, not to start a new action to remove the personal representatives.

## Issue #III

Kingrey argues it was error to determine that the co-personal representatives did not have to respond to the interrogatory because the District Court could have kept the information confidential by issuing a protective order restricting disclosure to the parties and their counsel. We agree that the District Court could have issued such an order but we do not agree that this establishes the District Court erred in allowing the co-personal representative not to respond.

As stated above, various heirs to this estate also own mining interests near those held by the estate. The District Court examined in camera information concerning prospective purchases and issues of the mining claims and granted the estate's motion to limit inquiry. This is within the Court's powers granted by the Montana Rules of Civil Procedure.

Rule 26(c) states:

> "Upon motion by a party . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the discovery not be had; . . ."

It was within the District Court's discretion to limit discovery. Kingrey has shown no abuse of that discretion.

## Issue #IV

Kingrey argues that she should be awarded attorney fees from the estate because she attempted to protect a common fund that would benefit all heirs. She argues that equity favors an award of attorney fees. We do not agree that the common fund doctrine applies here. In Means v. Montana Power Co. (Mont. 1981), 625 P.2d 32, 37, this Court stated:

> "The 'common fund' concept provides that when a party through active litigation creates, reserves or increases a fund, others sharing in the fund must bear a portion of the litigation costs including reasonable attorney fees. The doctrine is employed to spread the cost of litigation among all beneficiaries so that the active beneficiary is not forced to bear the burden alone and the 'stranger' (i.e., passive) beneficiaries do not receive their benefits at no cost to themselves."

The common fund doctrine does not apply here because Kingrey did not create, reserve or increase a fund and there was not reasonable grounds for her to expect to do so. In Re Baxter's Estate (1933), 94 Mont. 257, 270, 22 P.2d 182, 188, this Court held that the employment of counsel by an heir or legatee does not automatically create a liability on the part of other heirs or legatees or the estate.

The order of the District Court is affirmed.

John C. Sheehy
_____
Justice

- 7 -

We Concur:

_____
Chief Justice

_____

_____

_____
Justices