No. 85-326

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

IN THE MATTER OF THE ESTATE OF
LOUIS S. LEHNER, Deceased.

_____

APPEAL FROM:   District court of the Thirteenth Judicial District,
               In and for the County of Stillwater,
               The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

            Morse Law Firm; Wm. R. Morse, Absarokee, Montana
            (Joanne Lehner)

       For Respondent:

            Heard Law Office; Douglas D. Howard, Columbus,
            Montana   (Scott, Brian & Michele Lehner)

_____

                        Submitted on Briefs: Nov. 14, 1985

                                   Decided: February 6, 1986

Filed:   FEB   6 1986


_____
                 Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order of the District Court of the Thirteenth Judicial District in and for the County of Stillwater, Montana, removing the personal representative of the estate of Louis S. Lehner, deceased. We affirm.

Louis Lehner was killed in an industrial accident in Kansas in July, 1984, although his domicile was considered to be Stillwater County, Montana. He died intestate. His first marriage, to Donna, ended in divorce in 1975. Decedent's only children, Scott, Brian, and Michelle, now adults, were born of this marriage. His second marriage, to Wanda, ended in divorce in 1983. He married Joanne June 22, 1984, just over a month before he was killed.

The decedent's older son, Scott, indicated he wanted to be appointed personal representative and employed counsel. He then changed his mind and Joanne petitioned to be and was appointed in an informal proceeding August 31, 1984. Notwithstanding the provisions of § 72-3-603, MCA, Joanne failed to give notice to the heirs of the decedent within thirty days after her appointment. She contends they had actual notice because of various letters which were exchanged between the parties and because the appointment and notice to creditors was published in the county newspaper.

Included in the estate's meager assets was a 1978 pick-up truck and several life insurance policies. At the time of the decedent's death, the truck was subject to a lien in favor of the Yellowstone Bank of Absarokee, Montana, in the approximate amount of $3,100. Joanne arranged for a personal friend to loan her sufficient money to pay off the lien to the bank and he took an assignment of the bank's lien rights. The decedent's children were not given an opportunity to buy the truck from the estate. Bank officials

were requested by Joanne's attorney not to divulge the fact of the repayments or the method by which it received payment.

Lehner had a checking account at the Yellowstone Bank of Absarokee containing approximately $1,360. Joanne withdrew the money from this account after being appointed personal representative and deposited it in her account, claiming she did so because her attorney had not advised her it was improper to co-mingle estate funds with her own funds.

At the time of his death Lehner was the named insured in at least four different life insurance policies, one issued by Rushmore Mutual Life and three by Mutual Life Insurance Company of New York. The policy issued by Rushmore apparently designated the decedent's first wife, Donna, as beneficiary. The other policies designated his second wife, Wanda, as beneficiary of one-half of the proceeds and the decedent's three children as beneficiaries of the other one-half.

Shortly after Lehner's death, the attorney representing Joanne notified the Mutual of New York agent in Absarokee, Montana, that there had been some changes in the code whereby Joanne, the third wife and personal representative, would be entitled to the proceeds of the insurance policies, notwithstanding Lehner had designated others as beneficiaries. He made demand by letter to the Absarokee agent for the proceeds of the policies. He subsequently sent a letter to Mutual Life Insurance Company of New York advising them the letter constituted an adverse claim on the proceeds of the policies. He also commenced a suit against Rushmore Mutual Life Insurance Company to recover the proceeds of that policy. As a result, neither insurance company has paid the proceeds to the named beneficiaries or Joanne.

3

Testimony indicates the inventory and appraisement filed by the personal representative omitted certain items of personal property owned by the decedent, including an outboard motor and a gold watch.

The issue before the Court is whether the District Court abused its discretion in removing Joanne Lehner as personal representative of the decedent's estate.

The removal of a personal representative for cause is authorized "when removal would be in the best interest of the estate." Section 72-3-526(2)(a).

The Court's role on review is not one of substituting

> . . . our judgment for that of the trial court. We are confined to determine whether there is substantial credible evidence to support the findings of fact and conclusions of law . . . Moreover, Rule 52(a), M.R.Civ.P. provides, in part, that "[f]indings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the trial court to judge the credibility of the witnesses."

General Mills, Inc. v. Zerbe Bros., Inc. (Mont. 1983), 672 P.2d 1109, 1111, 40 St.Rep. 1830, 1832-33. "This Court will not interfere with a District Court's decision unless it is clearly established that the District Court abused its discretion." Matter of Estate of Counts (Mont. 1985), 704 P.2d 1052, 1055, 42 St.Rep. 1243, 1246. The discretion of the trial judge within the statute, § 72-3-526(2)(a), is wide, but the grounds must be valid and supported by the record. Matter of Estate of Wooten (1982), 198 Mont. 132, 137, 643 P.2d 1196, 1199. The record before the Court indicates an unwillingness on Joanne's part to cooperate fully and to make full disclosure to the decedent's heirs of all the facts involving the estate.

The Wooten case, supra, controls in these circumstances notwithstanding appellant's argument to the contrary. Despite factual differences between the transgressions in the

4

case at bar and those in Wooten, so long as the District Court's grounds [for dismissal of the personal representative] are valid and sufficiently conform to the pleadings, we will not disturb its findings. 198 Mont. at 137, 643 P.2d at 1199. Dissimilarity of transgressions is not a prerequisite for distinguishing Wooten.

The petition for removal sets forth Joanne's refusal to account for numerous specific items of the decedent's personal property. She did not notify any of the surviving heirs she had filed a lawsuit against an insurance company involving an insurance contract which is not part of the estate and under which neither she as personal representative nor the estate is a beneficiary. She asserted adverse claims in three other insurance contracts under which neither she as personal representative nor the estate is a named beneficiary and has no apparent interest. The facts clearly comport with these allegations in the petition for removal. The District Court concluded it was not in the best interest of the estate for Joanne to continue to be its personal representative. The record manifestly justifies this finding. We affirm the lower court's decision to remove Joanne Lehner as personal representative of the decedent's estate.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices