No. 86-148

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

IN THE MATTER OF THE ESTATE OF
ROBERT EMERSON STONE, Deceased.

_____

APPEAL FROM: District Court of the Fifth Judicial District,
In and for the County of Madison,
The Honorable Frank Davis, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

David N. Niklas, Helena, Montana

For Respondent:

Jardine, McCarthy & Grauman; Daivd A. Grauman,
Whitehall, Montana

_____

Submitted on Briefs: August 7, 1986

Decided: October 1, 1986

Filed: OCT 1 - 1986

_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The District Court for Madison County denied a petition to terminate the appointment of R. Thomas Garrison as the personal representative of this estate. We reverse and remand to the district court.

The issue is whether the District Court abused its discretion by refusing to remove the personal representative.

Robert Emerson Stone died in December 1980. His will designated his attorney, R. Thomas Garrison, as personal representative for the estate and as trustee for any beneficiary who was a minor. Mr. Stone's daughter and son, then 21 and 13, were named as devisees. The will was admitted to informal probate in January 1981. Mr. Garrison acted both as personal representative and as the attorney for the estate.

In September 1985 the children and the son's great uncle petitioned the District Court for Mr. Garrison's removal as personal representative. They asked for an accounting and for the appointment of Sherrie Schandelmeier, the daughter, and Sam Wonderly, the great uncle, as successor co-personal representatives. The petition stated that over 4½ years had elapsed and the estate was not yet closed; that neither an Inventory and Appraisement nor an Application for Determination of Inheritance Tax had been filed with the State of Montana; that the personal representative had failed to provide the children's aunt, a major creditor of the estate, with a requested accounting of the estate proceedings; that the personal representative had failed to keep the children and the aunt reasonably informed of the status of estate proceedings; and that the personal representative failed to timely file the Federal Estate tax return.

2

A hearing was held before the District Court. Mr. Garrison testified that the chief asset of the estate is a ranch in the Ruby Valley valued at $496,950. The ranch is without livestock or equipment and was encumbered by a renewable five year lease. There was also a bank account containing approximately six hundred dollars, and a Chrysler car. As of the date of the hearing Mr. Garrison had not mailed an inventory and appraisement to the Department of Revenue, nor mailed one to the parties interested in the estate or filed one with the Court. A personal representative is required by statute to take these steps within three months of his appointment. Section 72-3-607, MCA. Furthermore, Mr. Garrison had not filed an Application for Determination of Inheritance Tax with the Department of Revenue, as required by § 72-16-401, MCA. Neither had he paid any portion of the Montana taxes owing. If the total amount owing is paid within 18 months, a discount of 5% of the amount owing is granted to the estate. See § 72-16-440, MCA. No portion of the federal inheritance taxes had been paid, although Mr. Garrison had obtained an extension of time in which to pay. Interest was, and is, accruing on these unpaid taxes.

During the administration of the estate, Mr. Garrison collected approximately $100,000 in income from leasehold payments and timber sales. At the time of the hearing Mr. Garrison had expended approximately $60,000, which included among other things the discharging of a mortgage on the estate property. He had on hand approximately $40,000 in estate funds. These funds were not placed in an interest bearing account. Since the hearing, Mr. Garrison has deposited with the State the amount due as Montana inheritance tax, plus interest.

3

In addition to the failure to administer the estate in a timely and judicious fashion, Sherrie Schandelmeier testified that Mr. Garrison failed to provide her with written accountings though she asked him to do so several times. The son's mother testified that she had requested financial statements on behalf of her son, and none had been provided.

Petitioners also maintain that Sherrie was deliberately misled by a letter from Mr. Garrison dated April 23, 1985. That letter stated:

> As you know further, there was no livestock upon the premises or any revenue or income except the lease he had made of the ranch to Max Miller for an annual income of $17,500. This lease, as you are well aware, was subject to a renewal this February which was exercised by Max, leasing the property until 1990 and subjecting any sale of all or part of the property to the terms of the lease.

The letter failed to inform Sherrie that Mr. Garrison had terminated the lease by an agreement with the lessee one month before. As part of the termination agreement, Mr. Garrison conveyed approximately 75 acres of ranch land to the lessee. Following the termination of the lease, Mr. Garrison placed the ranch on the market for sale without notice to the devisees. The petitioners contend all these actions by Mr. Garrison constitute a breach of the fiduciary duty which Mr. Garrison owes to the estate and to themselves as devisees. See § 72-3-610, MCA.

Mr. Garrison testified that the devisees wish to retain the ranch, which has been in their family for four generations, but that they have not come up with a concrete plan which would allow them to do so. He stated that the renewable lease encumbered the property and discouraged any potential mortgage or sale of the property. Mr. Garrison testified he was unable to find a mortgagor who would lend

4

enough to pay the estate taxes and provide operating capital for a ranch devoid of cattle or equipment. He stated he didn't put the estate's funds in an interest bearing account because the amount had vacillated back and forth. He testified that he had prepared the inventory and appraisement in March 1981. However, through an oversight, he failed to file it with the Montana Department of Revenue. Mr. Garrison further testified he had not filed the application for determination of Montana estate taxes because the estate did not have the funds to pay the tax in full. Mr. Garrison did file an extension on the federal estate taxes owing. He testified that his office records indicate he mailed copies of these forms to the devisees. Mr. Garrison testified that although he had not provided formal written accountings to the petitioners, he had provided informal oral accountings in his office. Finally, Mr. Garrison testified concerning communication with the devisees:

> And knowing the way they felt about the ranch, not to sell it . . . or make any arrangements to discharge any of it, I didn't think it was advisable to do so [contact or communicate with the devisees].

The District Court found "substantial compliance by the personal representative with the probate law in the discharge of his fiduciary duties, and no omissions which in any way adversely affected the estate, or those interested therein." It ordered Mr. Garrison to proceed with all deliberate speed with the sale of the property, subject to prior approval of the court and notice to the devisees.

The removal of a personal representative for cause is authorized "when removal would be in the best interest of the estate." Section 72-3-526(2)(a), MCA. This Court's review

5

of the District Court's decision is limited to whether the District Court abused its discretion. Matter of Estate of Counts (Mont. 1985), 704 P.2d 1052, 1055, 42 St.Rep. 1243, 1246.

In examining the record, we see that the estate bank account contained at least $1700 at all times since it was opened in January 1981, and that at most times it contained much more than that amount, exceeding $18,000 in January 1983. There has been no adequate reason given for the failure to invest this money, in a period when interest rates have gone as high as 15% or more. We conclude that Mr. Garrison was not acting in the best interest of the estate in this regard.

Nonpayment for over four years of any portion of the Montana inheritance tax or the federal estate tax while money was available in the estate account has not been adequately explained. Mr. Garrison's explanation that he was waiting until he could pay the taxes in full is unpersuasive, given the discount available for prompt payment of the Montana tax and the interest charges on both the Montana and federal taxes owing. We conclude that Mr. Garrison's inaction was not in the best interest of the estate, and that he has not redeemed himself by paying the Montana tax subsequent to the hearing.

The failure to file the inventory and appraisement with the State of Montana within 3 months after Mr. Garrison's appointment as personal representative was explained as a clerical error. That this omission was not discovered by Mr. Garrison until this action was brought, over 4 years after his appointment, does not speak well for the diligence of his monitoring of this matter.

6

Also, Mr. Garrison's misleading of the daughter in his April 1985 letter mentioning the "renewed" lease of the land has not been shown as an act even remotely in the best interest of the estate. We do not condone this apparent misrepresentation to a devisee with a half-interest in the estate.

Mr. Garrison's argument that the devisees have not made a concrete proposal which would allow them to retain the ranch and pay the inheritance taxes is irrelevant. At issue is whether Mr. Garrison's actions as a personal representative justify a conclusion that his termination would be in the estate's best interest. While we do not negate the District Court's expression of confidence in Mr. Garrison, that does not address the problems which have been disclosed in the administration of this estate.

We conclude that the District Court abused its discretion in disregarding the uncontraverted evidence before it and refusing to remove Mr. Garrison as personal representative. We therefore reverse the decision of the District Court and remand for appointment of a successor personal representative or personal representatives, and for a determination of what fee is due Mr. Garrison for his services as personal representative.

_____
Justice

We Concur:

_____
Chief Justice

7

John Conway Harrison

_____

_____
                Justices

Mr. Justice William E. Hunt, Sr., dissenting:

I dissent.  In this case the testator chose the personal representative of his estate.  That act should not be annulled by this Court except under the most extreme circumstances.

> An order of removal of [a personal representative] is harsh and severe; and irregularities not directly harmful in the management of the estate will be overlooked.  If the court can remedy a matter of the complaint, no removal will be ordered.

Tice's Estate v. Tice (1962), 140 Mont. 28, 367 P.2d 771, 774-775.

In this case, I agree with the District Court that there has been certain technical omissions, but there is no evidence of fraud, gross carelessness, or even indifference to duty.  The District Court sympathized with the beneficiaries and heirs who are frustrated with the long wait, but noted that given the problems confronting the personal representative in this difficult estate, it was not shown that the estate could have been administered otherwise.  The District Court held the personal representative's plan to sell the ranch land to pay the debts of the estate is the only feasible alternative although it is not what the heirs prefer.  The District Court took the only steps available to complete the administration of this estate.  This Court's action now transfers all of the problems to a new administration, not of the testator's choosing, which has the same problems as the prior administration with no clear solution available to them.

I do not believe the District Court abused its discretion in these findings of fact and conclusions of law. The judgment of the District Court should be affirmed.

_____
Justice

Mr. Justice John C. Sheehy concurs in the above dissent.

_____
Justice