No. 86-540

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

IN RE THE MARRIAGE OF
PAUL W. HERRON,

               Petitioner and Respondent,
    and

SHARON M. HERRON,

               Respondent and Appellant.

---

APPEAL FROM: District Court of the Eleventh Judicial District,
              In and for the County of Flathead,
              The Honorable Leif Erickson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        I. James Heckathorn, Kalispell, Montana

    For Respondent:

        M. Dean Jellison, Kalispell, Montana

---

Submitted on Briefs: Feb. 26, 1987

Decided: April 30, 1987

Filed: APR 30 1987.

_Ethel M. Harrison_
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Sharon M. Herron appeals from a judgment following remand entered by the District Court, Eleventh Judicial District, Flathead County. We affirm.

This cause was before us in Herron v. Herron (1980), 186 Mont. 396, 608 P.2d 97. Therein we set forth the pertinent facts relating to the marriage of the parties. We reversed the District Court and remanded it for retrial on the issues of property distribution and maintenance.

As to the judgment entered by the District Court after remand, Sharon appeals from the provisions of that judgment involving the division of the marital property, the provision for maintenance of the wife, and the support provision for the minor child of the parties.

Relating to the marital property division, our remand indicated that both parties should share equally in the portion of the value of the property attributable to contribution from the marriage and appreciation during the marriage, but that the parties should not share equally in the total value of the property since much of the marital assets came to the marriage principally as gifts for Sharon from her deceased father, George Robbin. 186 Mont. at 402, 608 P.2d at 102.

On remand, the District Court found that the net value of the marital estate subject to distribution was $508,389, summarized as follows:

| | |
|---|---|
| Ranch | $200,000.00 |
| Lake place | 40,000.00 |
| Medical practice | 75,089.00 |
| Robbin estate | 104,500.00 |
| Gold coins | 32,000.00 |

| | |
|---|---|
| Third Avenue East home | 55,000.00 |
| Savings account | 1,800.00 |
| | |
| TOTAL NET VALUE | $508,389.00 |

The District Court then divided the net value of $508,389 as follows:

To Paul

| | |
|---|---|
| Medical practice | $ 75,089.00 |
| Husband's portion coin collection | 32,000.00 |
| One-half Robbin estate | 52,250.00 |
| | |
| | $ 159,339.00 |

To Sharon

| | |
|---|---|
| Ranch | $ 200,000.00 |
| House | 55,000.00 |
| One-half Robbin estate | 52,250.00 |
| Lake lot | 40,000.00 |
| Savings | 1,800.00 |
| | |
| | $ 349,050.00 |

Sharon objects to the division of marital property on the grounds that she is required to pay Paul $52,250 out of the sale of the assets given to her; that the award does not take into account that sale of the ranch will require costs of commissions and expenses; and that the valuation of $104,500 determined by the court to be remaining from the George Robbin's estate for division is contrary to the evidence. Sharon maintains that the remaining estate merely consists of stock plus a savings account and that the other assets have been distributed or dissipated.

Contrary to Sharon's contentions, however, the District Court in its findings carefully considered the assets of the marital estate, including the lake place, the value of Paul's medical practice, the sale of the Kalispell medical arts building, and the George Robbin estate. The District Court

traced the acquisition of the assets, beginning with contributions from George Robbin when he was alive, amounts of property received from his estate, contributions made by the parties during their marriage which increased to the value of the marital assets, and the effect of appreciation. In accordance with our remand, it determined the value of direct gifts from George Robbin totalling $117,500, and determined that this amount should be credited to Sharon's favor in distributable marital assets. In distributing property, the court was faced with the biggest single asset, that of the ranch, which it had to consider in relation to an equitable division. In its conclusion of law, the District Court stated:

> The Supreme Court remand also directs this court to consider assets received by devise or inheritance as made principally for respondent's [Sharon] benefit. 608 P.2d at 100. However, this court found it necessary to split the inherited assets now remaining in the Robbin estate. The two major assets available for distribution in the marital estate are the ranch and the Robbin estate. An award of both of these assets to respondent entirely would result in an inequitable division of the assets in view of the joint marital contributions and appreciation factor during the marriage. 608 P.2d at 102. The parties chose to divide the gold coin collection equally and Respondent did not rebut Petitioner's contention that the remainder of the two certificates of deposit were depleted on joint obligations. The division of the remainder of the Robbin estate is reflective of an equitable value allocation of the available assets rather than a finding that the parties share equal entitlement to the estate assets.

It is clear that the District Court followed in the best manner available the directions of our remand in dividing and allocating values to the parties out of the marital estate. The findings of fact by the District Court cannot be set

- 4 -

aside by us unless they are clearly erroneous, Rule 52, Montana Rules of Civil Procedure. The conclusions of law by the District Court are reasonable based upon its findings and are equitable in the circumstances. We therefore affirm the division of the marital property by the District Court.

The next issue raised by Sharon is the award of maintenance. In the first decision of the District Court, Paul was ordered to pay Sharon the sum of $400 per month for a period of four years. On remand, the District Court determined that Paul should pay Sharon maintenance in the amount of $1,000 per month for a period of two years commencing in July, 1986. Sharon attacks the maintenance award upon the ground that it is insufficient; that she has but $7,000 per year income of her own; and that she is required to pay the mortgage payments, the delinquent taxes and the costs of repairing the ranch house to make it saleable, in addition to her own living expenses and that of their child.

Yet the District Court was careful in its findings to consider the factors set out in § 40-4-203, MCA, regarding maintenance. In our remand, we requested the District Court to consider carefully the advisability of placing any time restrictions on the duration of maintenance payments. 186 Mont. at 406, 608 P.2d 102-103.

After determining the distribution of the parties' marital property, the District Court considered the assets awarded and what they might eventually provide in the way of financial security at a comfortable level for Sharon. The District Court recognized that a certain adjustment period would be necessary until she would be able to convert the assets to income producing property. On that ground the District Court determined, in consideration of her age, her loss of professional skills, and other factors, that she

would need maintenance for two years after which the availability of her more than adequate resources would provide maintenance and should provide security. The District Court stated in its conclusions that the distribution was intended to be a means by which Sharon could establish independent financial security fitting her station in life without the need for indefinite maintenance which, in the light of petitioner's job situation, could not be assured. Since the case first came to us, it appears that Paul's medical practice had been severely limited due to his loss of rights at the hospital and that the possibility of an assured income from his medical practice was "tenuous at best."

In resolving the problem by awarding maintenance in the sum of $1,000 per month for two years, the District Court took into account the earning capability of the husband, his assets available to make those payments, and the period of adjustment necessary for the wife to establish her own independent security. This case illustrates the constant problem of district courts in marital dissolutions, that is, the shaping of the most equitable and least futile solution for a problem created by imperfect people in imperfect situations. We hold that the District Court acted properly in making the maintenance award.

The final issue raised by Sharon is that the District Court did nothing about the support payments due the wife from the husband. The parties have four children, three having reached majority, and the fourth child is 17 years old, with a fairly severe learning disability. She is probably unemployable and requires the care of her mother. The former award to Sharon as support money for this child was $300 per month. The evidence here indicates that the husband has been paying Sharon $225 per month. The District

Court on remand refused to consider the issue because it was outside the scope of our order of remand. There is no issue therefore upon which we can act with respect to the support money payments. Whatever rights or obligations accrue to either of the parties arising out of the original order of support money for the minor child are undisturbed by the decision of the District Court on remand, and by this Opinion.

We affirm the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

- 7 -