No. 87-279

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

IN THE MATTER OF THE ESTATE OF
GEORGE ROBBIN, Deceased.

_____

APPEAL FROM:   District Court of the Eleventh Judicial District,
               In and for the County of Flathead,
               The Honorable Michael Keedy, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Murphy, Robinson, Heckathorn & Phillips; Calvin S.
          Robinson, Kalispell, Montana

     For Respondent:

          M. Dean Jellison, Kalispell, Montana

_____

                         Submitted on Briefs:  Nov. 6, 1987

                           Decided:  December 31, 1987

Filed: DEC 31 1987

_____
                    Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order issued by the Eleventh Judicial District Court, County of Flathead. The order was issued June 25, 1987 and removes appellant, Sharon Herron, from the position of personal representative of the estate of George Robbin. We reverse and remand.

George Robbin died on January 23, 1975. His will appointed his daughter, appellant Sharon Herron (hereinafter, Sharon), as personal representative of the estate. With the exception of one dollar, the will directed that Sharon Herron receive one-half of the estate and that her former husband, respondent Paul Herron (hereinafter, Paul), receive the remaining one-half.

A decree of distribution for the estate of George Robbin was entered January 31, 1977. Before the estate was totally distributed, Sharon and Paul became involved in a marital dispute which resulted in dissolution. The dissolution matter has appeared before this Court on two prior occasions. In Re the Marriage of Herron (Mont. 1987), 736 P.2d 487, 44 St.Rep. 823; and, In Re the Marriage of Herron (1980), 186 Mont. 396, 608 P.2d 97. The estate matters were held in abeyance pending the dissolution proceedings. Following the final resolution of the dissolution, Paul contended he was entitled to a distribution of $52,250 from the estate of George Robbin. After failing to receive the amount which was allegedly owed, Paul petitioned the District Court to remove Sharon as the personal representative of the estate on June 3, 1987. Paul based his petition on the grounds that Sharon was not properly distributing the estate and that Sharon may have spent the remaining assets of the estate.

The District Court heard oral arguments on the petition June 18, 1987. Although the District Court took judicial notice of the court file containing the Herron dissolution proceeding, no evidence or testimony was received at the hearing. On June 25, 1987, the District Court entered an order removing Sharon from her position as personal representative. The District Court found:

> [T]hat a Decree of Distribution was entered in this proceeding more than ten years ago; that there is nothing in the Court file to indicate that such distribution has been accomplished; that there is no evidence before this Court that distribution has been made; that there is apparent conflict between the parties; that good cause exists for termination of the appointment of Sharon Herron as Personal Representative.

The order provided that the District Court would choose a new personal representative if the parties could not agree to one within fifteen days.

The sole issue presented on appeal is whether it was appropriate for the District Court to remove Sharon as the personal representative of the estate of George Robbin.

In the Herron dissolution proceedings, the District Court divided the marital estate and a portion of the division received by Paul was an amount of $52,250 which represented one-half of the Robbin estate. The division of the marital estate was affirmed by this Court. In Re the Marriage of Herron (Mont. 1987), 736 P.2d 487, 44 St.Rep. 823. It is this award of $52,250 which Paul is now contending Sharon should distribute from the estate of George Robbin. Sharon's position is that Paul has already effectively received the distribution. Although it is not entirely clear how this distribution has allegedly occurred,

Sharon contends that during the process of dissolution she traced the remaining estate assets of the Robbin estate "to either Paul, herself, or their present form." Sharon states that when the District Court divided the marital estate it "took the method of disposal into account and held that she had transferred everything to Paul to which he was entitled." There is some support for this position because the District Court, in response to a motion to amend the findings of fact and conclusions of law, issued an order September 4, 1986 which noted that both parties to the dissolution had received all of the assets to which they were entitled under the dissolution decree. Sharon alleges that the only thing remaining to be performed under the dissolution is that Paul is obligated to transfer certain real property to her.

Although this matter appears before us as an issue related to estates and probate, the real controversy is an extension of the Herron dissolution. It is tempting to end this matter and determine whether Paul is actually entitled to the distribution that he seeks to receive, but we will not do so. It would be difficult, if not impossible, to determine which calculations are correct without receiving the record of the dissolution. Although counsel has provided us with certain portions of the dissolution file, the entire record was not provided. Additionally, the sole question presented on appeal is whether Sharon was properly removed as personal representative. Therefore, we will focus our decision on this question only, despite the fact that further litigation will result in a case which probably should have concluded long ago.

Sharon contends that the District Court order is unsupported by any evidence or testimony. The District Court heard oral arguments from counsel on June 18, 1987 and took

4

judicial notice of the dissolution file, but no evidence was received. Sharon states that despite the lack of evidence presented, the District Court erroneously concluded that there was no evidence that the proper distributions were made, that there was a conflict between the parties, and that good cause existed to terminate her position as personal representative. Sharon alleges there is no evidence to support the order, and that since she was appointed personal representative by her father's will, the order runs contrary to the desire of the testator.

The statute governing the removal of a personal representative for cause is § 72-3-526, MCA, which states in part:

> (1) A person interested in the estate may petition for removal of a personal representative for cause at any time. Upon filing of the petition, the court shall fix a time and place for hearing. Notice shall be given by the petitioner to the personal representative and to other persons as the court may order . . .
>
> (2) Cause for removal exists:
>
> (a) when removal would be in the best interests of the estate; or
>
> (b) if it is shown that a personal representative or the person seeking his appointment intentionally misrepresented material facts in the proceedings leading to his appointment or that the personal representative has disregarded an order of the court, has become incapable of discharging the duties of his office, or has mismanaged the estate or failed to perform any duty pertaining to the office.
>
> . . .

5

We have construed the above statute in regard to similar issues in several past decisions. We have held that a trial judge should be given broad discretion as to when a personal representative is to be removed "but the grounds must be valid and supported by the record." Matter of Estate of Wooten (1982), 198 Mont. 132, 137, 643 P.2d 1196, 1199 (the removal of a personal representative was affirmed on the grounds that there were a number of expenditures of questionable legitimacy, including an expenditure to finance a defense for the personal representative on criminal charges). See also, Matter of Estate of Lehner (Mont. 1986), 714 P.2d 130, 131, 43 St.Rep. 231, 233 (a district court order removing a personal representative was affirmed where the record demonstrated the personal representative was unwilling "to cooperate fully and to make full disclosure to the decedent's heirs of all the facts involving the estate"). The District Court has broad discretion in probate matters, but the grounds for removing a personal representative are narrow. Matter of Estate of Counts (Mont. 1985), 704 P.2d 1052, 1055, 42 St.Rep. 1243, 1246.

An underlying purpose and policy of Montana's probate code is to "make effective the intent of a decedent in [the] distribution of his property." Section 72-1-102(2)(b), MCA. George Robbin clearly intended that his daughter Sharon serve as personal representative. The appointment of a personal representative should not be annulled except under the most extreme circumstances. Matter of Estate of Stone (Mont. 1986), 727 P.2d 508, 511-512, 43 St.Rep. 1760, 1764 (Justice Hunt dissenting).

Further, we have stated:

> An order of removal of (a personal representative) is harsh and severe; and irregularities not directly harmful in

6

> the management of the estate will be
> overlooked. If the court can readily
> remedy a matter of the complaint, no
> removal will be ordered.

Matter of Estate of Tice (1962), 140 Mont. 28, 35, 367 P.2d 771, 774-775 (citing, 2 Bancroft's Probate Practice, 2d ed, § 294, 1960 Pocket Supplements, p. 22). Since Paul petitioned for Sharon's removal, he assumed the burden of proving some valid grounds for removal pursuant to § 72-3-526, MCA. See, In the Matter of the Estate of Deschamps (1922), 65 Mont. 207, 215, 212 P. 512, 514. However, Paul failed to set forth any substantive proof or evidence at the hearing. Indeed, no evidence was received at the hearing. It was improper to remove Sharon without evidence demonstrating grounds for removal under § 72-3-526, MCA.

This is not to say that either party is correct in whether or not distributions still need to be made. As noted at the outset of this opinion, the determination of whether further distributions are required must be made from a more thorough review of the evidence. Instead, this opinion is limited to holding that it was improper to dismiss Sharon as personal representative under the facts presented.

For the foregoing reasons, we reverse and remand to the District Court for amendment of the order in accordance with this opinion.

_____
Justice

7

We concur:

_____

John E. Sheehy
_____

R. C. McDonough
_____

L. C. Gulbrandson,
_____
Justices