No. 89-623

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN THE MATTER OF THE ESTATE OF
ELEANOR T. TOWNSEND,

Deceased.

APPEAL FROM: District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Robert L. Johnson, Lewistown, Montana

For Respondent:

Leonard H. McKinney, Lewistown, Montana

Submitted on Briefs: May 3, 1990

Decided: May 30, 1990

Filed:

_____

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

In the Tenth Judicial District, Fergus County, William Townsend was appointed personal representative of his wife's estate as directed by her will. Based upon claimed inadequacies in the inventory and appraisal, Robert Townsend, son of the deceased petitioned for removal of William as personal representative. The petition was granted and William Townsend appeals that decision. We affirm.

The sole issue for our consideration is whether the District Court erred in removing William Townsend as personal representative of his wife's estate?

Eleanor Townsend died testate on February 4, 1988, in Fergus County. Her will provided in part:

> . . .
>
> SECOND: If my husband, WILLIAM F. TOWNSEND, survives me by at least 90 days, I devise my property as follows:
>
>> To my said husband, all property that we own jointly, whether in joint tenancy with right of survivorship or not.
>>
>> To my son, ROBERT L. TOWNSEND, all the rest, residue and remainder of my property. This includes my household furniture, goods and equipment and my personal effects.
>
> If my said husband fails to so survive me, then I devise all my property to my said son.
>
> . . .
>
> FOURTH: I designate my said husband, WILLIAM F. TOWNSEND, or if he declines or is unable to so act then my said son, ROBERT L. TOWNSEND, as personal representative of my estate, either to act without bond and with all the powers granted in the Montana Probate

2

Code.

Pursuant to his duties as appointed personal representative, William Townsend (William) petitioned for formal probate of the will and published a Notice of Hearing. Subsequently, Robert Townsend (Robert) signed a Waiver of Notice requesting the District Court to admit the will to probate, determine testacy and heirs, and appoint William personal representative. The District Court granted formal probate and appointed William as personal representative of his wife's estate.

William proceeded with the administration of the estate. He sent a draft Inventory to Robert, showing a total value of $262,640.66. Robert returned it with comments written on it indicating it was not complete. William noted Robert correctly pointed out that two individual banking accounts were omitted and sent an apology to Robert. Then, on September 2, 1988, William filed an Inventory and Appraisement (hereinafter "I & A") showing a total value of $237,975.85; a Receipt; and a Petition for Elective Share. The proposed receipt showed the delivery to William of all of the property listed in Schedule F as jointly owned property and as exempt property, which essentially included the entire residual estate.

Robert appeared at the hearing on the Petition for Elective Share and objected to the computation of the augmented estate, suggesting that the I & A was incorrect in that: (1) it did not include certain bank accounts to which decedent had access; (2) the value of the 1963 Studebaker should be $2,000, not $100 as it

3

was listed in the inventory; (3) the inventory incorrectly reflected the value of certain jewelry and did not list others; (4) the silver and gold plated utensils were not separately appraised; and (5) certain items of furniture were not separately appraised.

The District Court concluded that the I & A did not meet the requirements of § 72-3-607, MCA, and did not serve as a basis for the computation of the augmented estate, the elective share and the attorney's fee. In an order dated February 8, 1989, the District Court denied William's petition for elective share, and required that a "proper" I & A be completed.

On May 3, 1989, Robert filed a Petition for Removal of William as personal representative, pursuant to § 72-3-526, MCA. He based the petition on William's failure to comply with § 72-3-607, MCA. As of the date of the filing of the petition, William had not yet filed an Amended I & A.

On June 14, 1989, prior to the hearing on the Petition for Removal, William filed an Amended I & A showing a total value of $227,080.72. A hearing was held and the Petition for Removal was denied. The District Court noted that although there were general statements in the I & A to the effect that John C. Lewis was employed to aid in the appraisal of jewelry, §72-3-607, MCA, requires that the personal representative "appoint" persons to assist him in ascertaining the fair market value of the decedent's property. It further noted that form INH-1 has spaces for the signatures and names and addresses of such persons and a

4

designation of the items appraised by them by using the appropriate letter. As a result, the District Court ordered that William prepare and file within twenty days a Second Amended I & A in strict compliance with the provisions of § 72-3-607, MCA, and with the INH-1 form provided by the Montana Department of Revenue.

William timely filed a Second Amended I & A identical with the prior one except that it was signed by John C. Lewis as the Appraiser with the language "Not certified gemologist and items not scientifically tested" written by his name. Robert renewed his Petition for Removal of the personal representative contending that William had failed to file an inventory listing all property of the decedent, and that it was in the best interest of the estate that the personal representative be removed. This time the District Court granted the Petition for Removal, concluding that there were genuine issues about the values of certain items; that all items belonging to the decedent were not listed and valued or were not listed with sufficient value; that William had failed to prepare and file an I & A as required by the statute, and the property was not sufficiently detailed to permit the computation of the surviving spouse's elective share and the residuary value; and, that approximately 18 months had passed since the appointment of William as personal representative and an acceptable I & A had not been filed. It further noted that the will named Robert as the alternate personal representative. Concluding that it would be in the best interests of the estate, the District Court removed William as personal representative and appointed Robert as

5

successor personal representative. From that decision, William appeals.

William contends the District Court abused its discretion in removing him as personal representative for failing to file an I & A satisfactory to one of the legatees. He maintains he made a good faith effort to fulfill his obligations as personal representative. He urges that omissions from his inventories, not attributable to bad faith, do not warrant his removal and any misconduct must be willful to justify removal of a personal representative. He contends that the requirement in §72-3-607, MCA, to "list" all property means to catalog it, not to "itemize" each and every particular item.

Robert maintains that William's I & A, filed simultaneously with a Receipt and Petition for Elective Share, would have denied him any share in decedent's estate. Robert maintains that the values in the I & A are incorrect and that the I & A does not comply with legal requirements.

Section 72-3-526, MCA, in substance states that cause for removal of a personal representative exists "when removal would be in the best interests of the estate" or that the personal representative has disregarded an order of the court, or has mismanaged the estate or failed to perform any duty pertaining to the office. The applicable standard so far as this Court is concerned is whether the District Court has abused its discretion. Matter of Estate of Stone (1986), 223 Mont. 327, 330, 727 P.2d 508, 511. In our review of the removal of the personal representative,

6

we have in mind the holding of this Court in Matter of Estate of Robbin (1987), 230 Mont. 30, 747 P.2d 869, where this Court pointed out that an order of removal is considered harsh and severe and that irregularities not directly harmful will be overlooked, with the further limitation that if the court can remedy a matter readily, no removal will be ordered.

Pursuant to § 72-3-607(1), MCA, a personal representative must timely file an inventory which shall include listing of all property which:

> (a) the decedent owned, had an interest in or control over, individually, in common, or jointly, or otherwise had at the time of his death;
> (b) the decedent had possessory or dispository rights over at the time of his death or had disposed of for less than its fair market value within 3 years of his death; or
> (c) was affected by the decedent's death for the purpose of inheritance or estate taxes.
>
> (2) The inventory shall include a statement of the full and true value of the decedent's interest in every item listed in such inventory. In this connection the personal representative shall appoint one or more qualified and disinterested persons to assist him in ascertaining the fair market value as of the date of the decedent's death of all assets included in the estate. Different persons may be employed to appraise different kinds of assets included in the estate. The names and addresses of any appraiser shall be indicated on the inventory with the item or items he appraised.

Our review of the record reveals that there is substantial evidence to demonstrate that several items were not listed in the inventory; that certain values were subject to question; that Mr. Lewis, the appraiser, testified he was not a certified gemologist and that he did not scientifically test the jewelry, and it would not surprise him if his values were substantially different than those of a

7

certified gemologist. Section 72-3-607(2), MCA, requires that the I & A include the full and true value of each item. There is substantial evidence to show that removal was in the best interest of the estate.

We conclude that the District Court did not abuse its discretion in removing William Townsend as personal representative. We affirm the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

8