No. 87-398

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

JOHN J. D'AGOSTINO and JOANN M.
D'AGOSTINO, husband and wife,

        Third-Party Plaintiffs and
        Appellants,

  -vs-

ROBERT L. SCHAAP and VIVIAN J.
SCHAAP, husband and wife,

        Third-Party Defendants and
        Respondents.

---

APPEAL FROM:  District Court of the Eighteenth Judicial District,
               In and for the County of Gallatin,
               The Honorable Byron Robb, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Morrow, Sedivy & Bennett; Edmund P. Sedivy, Jr.,
        Bozeman, Montana

    For Respondent:

        Moore, Rice, O'Connell & Refling; Perry J. Moore,
        Bozeman, Montana

---

Submitted on Briefs:  Oct. 29, 1987

Decided:  January 7, 1988

Filed: JAN -7, 1988

*Ethel M. Harrison*
_____
           Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

This is a claim for breach of a contract for sale of real property. The District Court for the Eighteenth Judicial District, Gallatin County, denied the motion of the D'Agostinos for summary judgment and granted summary judgment to the Schaaps. We affirm in part and reverse in part.

The issue is whether the trial court erred in failing to grant the D'Agostinos' motion for summary judgment and in granting the Schaaps' motion for summary judgment.

In 1977, the Schaaps sold the D'Agostinos property in West Yellowstone, Montana, consisting of Lots 3, 4, 5, and 6 in Block 26 of the original townsite of West Yellowstone. The Westwood Motel occupied most of the property. Prior to the sale, the Schaaps had moved some cabins which were part of the motel. The Schaaps originally believed they had moved the cabins to a spot entirely on Lot 4 but surveyors have later determined that the cabins are partially on Lot 3 and partially on Lot 4. There is a dispute as to whether the D'Agostinos knew of this when they bought the property, but the Schaap-D'Agostino contract contemplated the separate sale by the D'Agostinos of Lot 3. The D'Agostinos later sold Lot 3 as a vacant lot to Mr. Swanson and Lots 4, 5, and 6, including the motel, to the Markovs. Some time later, Mr. Swanson demanded that the cabins which were partially on his property be moved. The Markovs brought an action for fraud and misrepresentation against the D'Agostinos, who filed a third-party complaint against the Schaaps. They claim that the Schaaps breached the warranty that Lot 3 was free and clear of all encumbrances in the contract for sale of the property. The matter was bifurcated for purposes of trial, and a $53,050 judgment has been rendered against the D'Agostinos in the original action. That amount represents

the cost of moving the cabins so that they no longer encroach upon Lot 3.

Both parties moved for summary judgment as to the D'Agostinos complaint against the Schaaps. The District Court granted the Schaaps' motion for summary judgment, explaining,

> I am convinced D'Agostinos had knowledge of the cabin encroachment for considerably more time than is necessary for the statute of limitation to be invoked. . . . This involved litigation and endless chain of additional parties being joined who were former owners of the realty must cease, and D'Agostinos should settle up on the reasonable and fair jury verdict against them and cease trying to pass the buck to someone else.

The court certified its order for consideration by this Court.

Did the trial court err in failing to grant the D'Agostinos' motion for summary judgment and in granting the Schaaps' motion for summary judgment?

Rule 56(c), M.R.Civ.P., provides that summary judgment shall be granted

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party moving for summary judgment has the burden of showing the complete absence of any genuine issue of material fact. Once that is done, the burden shifts to the party opposing the motion to come forward with substantial evidence raising a factual issue. Rumph v. Dale Edwards Inc. (1979), 183 Mont. 359, 365-66, 600 P.2d 163, 167.

The D'Agostinos moved for summary judgment on the basis that the Schaaps had breached the warranty that Lot 3 was free and clear of all encumbrances, in that the encroachment of the cabins onto Lot 3 is an encumbrance. In support of their motion, the D'Agostinos submitted an affidavit, copies of documents, and a portion of the transcript of the Markov-D'Agostino trial. In opposing this motion for summary judgment, the Schaaps submitted the affidavit of another former owner of the property, who stated that she told Mr. D'Agostino in 1979 that the cabins encroached onto Lot 3. The Schaaps argue that this knowledge on the part of Mr. D'Agostino constitutes a waiver of the warranty against encumbrances. We conclude that the District Court correctly denied the D'Agostinos' motion for summary judgment because of this material issue of fact. We affirm the denial of the D'Agostinos' motion for summary judgment.

On the day of the hearing on the D'Agostinos' motion, the Schaaps moved for summary judgment. The court considered both motions at the hearing. Although they filed no affidavits or other documents with their motion, the Schaaps referred to the pleadings and to the facts which the D'Agostinos had marshalled in support of their motion for summary judgment. In their brief before this Court, the Schaaps argue that as a matter of law the encroachment of the cabins does not constitute an encumbrance so that, as a matter of law, no breach of contract has been alleged.

The District Court stated in granting summary judgment to the Schaaps that it was convinced the D'Agostinos knew of the encroachment of the cabins onto Lot 3 "for considerably more time than is necessary for the statute of limitation to be invoked." It appears that the court's statement is based on the evidence heard at the Markov-D'Agostino trial. Neither party argues or presents authority on whether evidence

4

from that bifurcated trial may properly be considered in deciding these motions for summary judgment, and we are doubtful that such evidence may properly be considered here.

An encumbrance is "any right in a third party which diminishes the value or limits the use of the land granted." 3 American Law of Property § 12.128 (A.J. Casner ed. 1952). An encroachment may or may not be an encumbrance.

> [I]f the encroachment is of an improvement located on adjoining land which extends across the line onto the land conveyed, there may be a breach of either the covenant of seizin or of the covenant against encumbrances, depending upon whether title to that part of the land purchased has been lost by adverse possession, or has become encumbered by an easement.

Casner, at § 12.128. We hold that the above rule of law governs in this case.

Neither party has submitted proof as to whether the cabins have a legal right to encroach upon Lot 3. Under the above rule of law, this fact question is material to the outcome. We therefore conclude that summary judgment is not appropriate, and reverse the lower court's grant of summary judgment to the Schaaps.

Affirmed in part and reversed in part.

_____
Justice

We Concur:

_John Conway Harrison_

_William E Hunoth_

_John C. Sheehy_

_W.C. Gulbrandson_
Justices