No. 89-510

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN RE THE ESTATE OF RUTH L. NELSON, Deceased

MAE B. BROWN,

      Petitioner and Respondent,

  v.

GUY ROBBINS, Personal Representative of the
Estate, individually, and ROBBINS, INC.,
a Montana corporation,

      Respondent and Appellant.

**FILED**

JUN 26 1990

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Ninth Judicial District,
In and for the County of Glacier,
The Honorable R. D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Walter S. Murfitt and Dale E. Reagor, Luxan and
Murfitt, Helena, Montana

      For Respondent:

          David F. Stufft, Frisbee, Moore, Stufft & Olson,
Cut Bank, Montana

Submitted on Briefs:  April 26, 1990

Decided:  June 26, 1990

Filed:

_____
          Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Guy L. Robbins appeals the order of the Ninth Judicial District Court, Glacier County, removing him for cause as the personal representative of the estate of Ruth L. Nelson. We affirm.

The appellant raises four issues:

1. Did the District Court err in removing the personal representative for cause after receiving his letter of resignation?

2. Did the appellant receive sufficient notice of the removal hearing when the notice did not specify the grounds for removal?

3. Was the District Court's order removing the personal representative for cause barred by the automatic stay under 11 U.S.C. § 362(1) after the appellant declared bankruptcy?

4. Does the record contain sufficient evidence to support the District Court's conclusion that removal of the personal representative was in the best interest of the estate?

Ruth L. Nelson died on January 11, 1986. Nelson's will named as heirs her sisters, Fern L. Caskey and Mae B. Brown, whom Nelson had not seen in over fifty years. The will appointed Guy L. Robbins, Nelson's financial adviser of thirty years, as personal representative.

After Robbins settled the estate and submitted his final accounting, Brown filed an objection to several claims made by Robbins against the estate. She later charged Robbins with a

number of counts of self-dealing and filed a separate cause of action against him, Brown v. Robbins, Cause No. DV-87-081. Brown twice petitioned the District Court to remove Robbins, but the court delayed acting on the petitions as the parties exchanged procedural and discovery motions in the probate proceeding. The court finally concluded that discovery would best proceed in a separate action against Robbins.

Robbins subsequently moved to Arizona, filed bankruptcy, and filed a letter of resignation as personal representative. Brown then filed a third petition for removal. The District Court held a show cause hearing which neither Robbins nor his counsel attended. The court ordered Robbins' removal and replacement by Brown. Robbins now appeals that order.

Robbins first argues that the District Court should not have removed him for cause after he entered his letter of resignation because it is an idle act not required by the law. See § 1-3-223, MCA. Removal of a personal representative for cause is within the sound discretion of the district court. In re Estate of Stone (1986), 223 Mont. 327, 330, 727 P.2d 508, 511. We can find no principle of law or reason which would compel a district court to accept a personal representative's voluntary resignation over three petitions for removal. A voluntary resignation by a personal representative "is effective only upon the appointment and qualification of a successor representative and delivery of the

3

assets to him." Section 72-3-525, MCA. Robbins's resignation had no effect since the District Court did not appoint a successor until it ordered his removal for cause. The District Court did not abuse its discretion in removing Robbins for cause rather than accepting his resignation.

Robbins next argues that the notice of the removal hearing was insufficient because it did not specify Brown's reasons for seeking removal. He cites In re Estate of Counts for the proposition that the notice must state the specific grounds of removal. Robbins misreads the case. Counts held that the law did not require the district court to convene a hearing on a petition for removal when the court had twice before approved the personal representative's actions and the petition stated no new grounds for removal. Counts (1985), 217 Mont. 350, 354, 704 P.2d 1052, 1055. Even if some particularity were required, Brown's two previous petitions contained detailed allegations of misconduct. Those, along with the separate cause of action filed against Robbins, provided Robbins with actual notice of the grounds for the third petition.

Robbins next argues that his filing in bankruptcy automatically stayed any finding of misconduct including the District Court's order of removal. We disagree. Only proceedings against the debtor or his property are stayed by a bankruptcy petition. See 11 U.S.C. § 362. Here the proceeding is the probate of the Nelson estate. It is not an action against Robbins or his property even

4

though the removal order may help to preserve and determine Brown's cause of action against Robbins following the bankruptcy proceedings. See 11 U.S.C. § 523(4); § 26-3-201, MCA.

Finally, Robbins argues that the evidence does not support the District Court's findings of fact and conclusions of law. For the most part, we agree. The court's order includes numerous findings supporting its conclusion that Robbins "intentionally misrepresented facts in [the probate] proceedings" and engaged in "conduct amounting to fraud, bad faith, collusion, or breach of trust . . . ." Most of those findings are not supported by the record of In re Estate of Nelson, Cause No. DP 86-04, the only record presently before this Court. In making its determination, the District Court had before it both the record of this case and had jurisdiction of the record of Brown's separate cause of action, Brown v. Robbins, Cause No. DV 87-081. Had the latter record been filed with this Court, we could have taken judicial notice of it. See Rules 201 and 202(b)(6), M.R.Evid.; but see D'Agostino v. Schaap (1988), 230 Mont. 59, 62, 748 P.2d 466, 468. Without the record of the companion case, the question remains whether the present record contains sufficient evidence to find that the District Court did not abuse its discretion in removing Robbins for cause. We conclude that it does on at least one point.

The record contains strong evidence that Robbins misappropriated estate funds for his personal benefit. The record

5

contains photocopies of three checks totaling $60,648.60 paid to the Ruth Nelson Trust, a joint checking account in the names of the decedent, Ruth L. Nelson, and the appellant, Guy L. Robbins. The checks bear the date of January 10, 1986, and the signature of the decedent. The record also contains photocopies of medical records showing that on January 10, the decedent was comatose and incapable of signing checks. The doctor's summary states, "She became disoriented and restless . . . on the evening of 01-09-86. On 01-10-86 she was not responsive, would not take anything orally and showed further deterioration . . . ." A nurse's note states that the decedent was unable to sign an admittance form on January 7 and that on January 10 she did not respond to verbal commands. She passed away sometime before 2:45 a.m. on January 11. There is no direct evidence that Robbins forged the decedent's signature on the checks, but the circumstantial evidence is strong. The checks transferred the $60,648.60 from the estate into an account accessible only to the decedent and Robbins, thereby making Robbins the direct beneficiary of the transfer.

The District Court has an obligation to oversee the probate of the estate to prevent this type of abuse by the personal representative. We will not overturn the court's orders protecting the estate unless there is a clear abuse of discretion. Cause for removal of a personal representative exists "when removal would be in the best interests of the estate . . . ." Section 72-3-

6

526(2)(a), MCA.  We hold that the District Court did not abuse its discretion in determining that Robbins's removal for cause was in the best interests of the Nelson estate.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____

_____

_____
Justices