No. 93-434

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

No. 93-434

IN THE MATTER OF THE ESTATE OF,

JUSTIN PETERSON, also known as
JUSTIN C. PETERSON, Deceased.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Charles F. Moses, Moses Law Firm, Billings, Montana

For Respondent:

James L. Jones, William A. Cole, Richard A. Brekke,
Dorsey & Whitney, Billings, Montana

FILED

Filed: MAY 2 0 1994

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Submitted on Briefs: February 24, 1994

Decided: May 20, 1994

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal by Michael J. Whalen from an Order of the District Court of the Thirteenth Judicial District, Yellowstone County, removing him for cause from his duties as personal representative in the above-entitled informal probate proceeding. We affirm.

We have restated the issues as follows:

I. Did the District Court abuse its discretion by removing Michael J. Whalen as personal representative of the estate of Justin Peterson?

II. Did the District Court err in appointing David Peterson, the sole heir, as the successor personal representative?

III. Should the appellant be sanctioned and ordered to pay respondent's attorney fees and costs pursuant to Rule 32, M.R.App.P., for bringing a meritless appeal?

Justin C. Peterson died on March 25, 1993 at the age of 33 years. David L. Peterson is the younger brother of Justin C. Peterson, the deceased, and the sole beneficiary under Justin Peterson's will. Justin and David Peterson, although part of a large family, were raised in a series of foster homes. During part of their time in high school after Justin was "on his own," they lived together in a tent in a cave in the "rims" in Billings. David has suffered from cerebral palsy since birth and one of his teachers would pick him up in the morning to take him to school when the boys lived in the tent. The record indicates an extremely

2

close relationship between the two brothers which continued until Justin's death in March of 1993.

Justin Peterson died from complications resulting from an accident which occurred on June 23, 1982, while swimming at Lake Elmo, a recreational facility in Billings. As an immediate result of that accident, Justin was rendered a quadriplegic, completely dependent on others for his care, including feeding, and he was unable to breathe without the assistance of a respirator or ventilator. Although he could talk, he spoke with difficulty. During the eleven years in which Justin survived following the accident, he endured repeated life-threatening complications.

David lived with Justin following his release from the hospital in September of 1984 and was granted a limited power of attorney by Justin to handle household matters. Another limited power of attorney was given to an accountant who handled payroll matters and taxes for Justin. Justin needed round-the-clock care until the time of his death and employed nursing assistance for such care. Justin had been hospitalized from the date of the accident in 1982 until September 1984, and was able to leave the hospital and move into a home he had purchased only after a settlement was obtained for him by his attorneys.

Ernest F. Boschert of the Boschert & Boschert law firm was contacted by other family members in January 1983 to represent Justin. Mr. Boschert subsequently associated with Michael J. Whalen of the Whalen & Whalen law firm to represent Justin in his

claim against the owners of the recreational area, Kimble Properties and Tymon, Inc.

On February 2, 1983, Justin signed a contingency fee agreement with Michael J. Whalen and Ernest F. Boschert which provided the following fee schedule:

> 25% of the recovery if the case was settled prior to filing a complaint in district court;
>
> 33 1/3% of the recovery after a complaint was filed in district court;
>
> 40% of the recovery if the case was set for trial or was tried; and
>
> 5% additional if the case was appealed or there was a new trial.

On February 22, 1983, the law firm of Whalen & Whalen filed a two-page complaint against the owners of Lake Elmo. Three requests were made for the District Court to set a trial date within the ensuing months of 1983. The first such request was made of the presiding judge in the matter, Judge Wilson, on August 16, 1983. Judge Wilson deemed himself disqualified and the case was assigned to Judge Barz. On September 2, 1983, another request was made to set the matter for trial; this time, Judge Barz disqualified herself. The case was then assigned to Judge Speare. Timothy Whalen of Whalen & Whalen wrote a letter on September 7, 1983, again requesting that the cause be placed on the trial calendar. On October 17, 1983, the District Court entered an order setting a trial date. As a result of the foregoing actions, the amount of fees increased to 40% under the contingency agreement.

On March 9, 1984, Michael J. Whalen made an offer to settle the case for policy limits of $2,500,000 cash or, in the alternative, for $1,250,000 cash and $1,875,000 to be paid in installments of $15,625 per month over a ten-year period, for a total of $3,125,000. The defendants' insurers accepted the alternative proposal without making a counteroffer. The final payments on this alternative settlement proposal will be made in May, 1994.

After the 1984 settlement, Michael J. Whalen drafted a will for Justin Peterson in which he and Ernest F. Boschert were named as co-personal representatives. Ernest F. Boschert predeceased Justin Peterson and has not acted as personal representative. Following the death of Justin Peterson, Michael J. Whalen was appointed as personal representative of his estate. David Peterson obtained separate counsel and asked Michael J. Whalen to step aside as personal representative of his brother's estate.

After discussions, Mr. Whalen declined to resign. On May 27, 1993, David Peterson filed a petition to remove Michael J. Whalen as personal representative which is the subject of this appeal. After a hearing held on June 16, 1993, the District Court removed Mr. Whalen and appointed David Peterson as successor personal representative in an order dated July 20, 1993.

David Peterson has filed a claim against the Whalen and Boschert firms with regard to the fee agreement. Michael J. Whalen filed suit against the estate of Justin Peterson (the Estate) to

recover his legal expenses.

## Issue I.

Did the District Court abuse its discretion by removing Michael J. Whalen as personal representative of the estate of Justin Peterson?

In the petition for removal of Michael J. Whalen as personal representative of the Estate, David Peterson stated that the attorney fees on the part of the two law firms were excessive in relation to the amount of work done in connection with Justin Peterson's personal injury claim.

After a hearing on June 16, 1993 to determine whether Mr. Whalen should be removed for cause, the District Court determined that a conflict of interest existed between the Estate and Mr. Whalen as Mr. Whalen could not be expected to pursue a claim against himself on behalf of the Estate. A personal representative may be removed for cause in certain situations under § 72-3-526, MCA, which provides in pertinent part:

> **72-3-526. Termination of appointment -- removal for cause.** (1) A person interested in the estate may petition for removal of a personal representative for cause at any time. Upon filing of the petition, the court shall fix a time and place for hearing. Notice shall be given by the petitioner to the personal representative and to other persons as the court may order. . . .
>
> (2) Cause for removal exists:
> (a) when removal would be in the best interests of the estate; or
> (b) if it is shown that a personal representative or the person seeking his appointment intentionally misrepresented material facts in the proceedings leading to his appointment or that the personal representative has disregarded an order of the court, has become

6

incapable of discharging the duties of his office, or has mismanaged the estate or failed to perform any duty pertaining to the office. (Emphasis supplied.)

Removal of a personal representative for cause pursuant to § 72-3-526, MCA, is within the sound discretion of the district court and this Court will not overturn such a termination unless there is a clear abuse of discretion. In re the Estate of Nelson (1990), 243 Mont. 276, 278, 794 P.2d 677, 678. A district court can remove a personal representative or refuse to appoint a person as personal representative for cause if there is a conflict of interest between that person's interests and those of the estate. In re the Estate of Obstarczyk (1963), 141 Mont. 346, 351-53, 377 P.2d 531, 534-35.

The District Court expressly relied on Estate of Obstarczyk, which affirmed a removal of an executrix on the grounds that her interests were adverse to the estate and held as follows:

> . . . The duty of an executor is to examine strictly all claims against an estate . . . seeking judicial interpretation if necessary. . . . It is clear that [the executrix's] own interests are antagonistic to the estate.
>
> . . .
>
> In the Tice case, supra, we quoted with approval from In re Rinio's Estate (1933), 93 Mont. 428, 435, 19 P.2d 322, 325, as follows:
>
> "* * * The law does not look with favor upon the administration of estates by a person where conflicts in the performance of his duty are likely to arise."

Estate of Obstarczyk, 377 P.2d at 534. We conclude that the potential claim against Michael J. Whalen for excessive attorney fees is sufficient to create a conflict of interest in this case.

7

A conflict of interest is sufficient for removal of the personal representative for cause under § 72-3-526, MCA.

We hold the District Court properly exercised its discretion in determining that it was in the best interests of the Estate to remove Michael J. Whalen as personal representative.

## Issue II.

Did the District Court err in appointing David Peterson, the sole heir, as the successor personal representative?

Mr. Whalen also contends that David Peterson was not a proper person for appointment as successor personal representative of the Estate. Although Mr. Whalen testified as noted above that he would not pursue a claim against himself, he stated that he was willing to have a special administrator appointed to explore that claim if the court denied his motion to dismiss David Peterson's petition to remove him as personal representative.

Section 72-3-527, MCA, provides that parts 2 and 3 of Chapter 72 govern proceedings for appointment of a successor personal representative to succeed one whose appointment is terminated; thus, § 72-3-502, MCA, governs here and provides as follows:

> **72-3-502. Priorities for appointment.** Whether the proceedings are formal or informal, persons who are not disqualified have priority for appointment in the following order:
> (1) the person with priority as determined by a probated will, including a person nominated by a power conferred in a will;
> (2) the surviving spouse of the decedent who is a devisee of the decedent;
> (3) the custodial parent of a minor decedent;
> (4) other devisees of the decedent;
> (5) the surviving spouse of the decedent;
> (6) other heirs of the decedent;

8

        (7)    public administrator;
        (8)    45 days after the death of the decedent, any
    creditor.

We review the appointment of a personal representative according to § 72-3-502, MCA, to determine whether a district court has correctly interpreted the law. Steer Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603. We conclude that under the order of priority set forth in § 72-3-502, MCA, David Peterson has first priority of appointment as there exist no persons fitting the descriptions of subsections (1) through (3) and he is the sole devisee under his brother's will. Further, he will serve as personal representative at no charge and as noted by the District Court, a special administrator would increase costs unnecessarily.

Moreover, § 72-3-503(1), MCA, provides that an objection to the appointment of a personal representative can be made only in formal proceedings. Justin C. Peterson's will is being informally probated. On that basis, Mr. Whalen may not object to the District Court's appointment of David Peterson as personal representative of the Estate.

We hold the District Court properly appointed David Peterson, the sole heir, as the successor personal representative of the estate of Justin C. Peterson.

## Issue III.

Should the appellant be sanctioned and ordered to pay respondent's attorney fees and costs pursuant to Rule 32, M.R.App.P., for bringing a meritless appeal?

9

David Peterson contends that this Court should assess sanctions against Mr. Whalen and his attorneys for bringing a meritless appeal. He further claims that it was brought for an improper purpose. Thus, he asks this Court to require Mr. Whalen to reimburse him for his reasonable costs and attorney fees incurred in connection with this appeal.

On the record before us we hold there is no basis for sanctions to be assessed against the appellant for attorney fees and costs pursuant to Rule 32, M.R.App.P., for bringing a meritless appeal.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

Justice William E. Hunt, Sr., and Justice Terry N. Trieweiler did not participate.

10

May 20, 1994

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Charles F. Moses
MOSES LAW FIRM
P.O. Box 2533
Billings, MT 59103-2533

Richard A. Brekke
DORSEY & WHITNEY
P.O. Box 7188
Billings, MT 59103-7188

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy