No. 97-297

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

IN RE ESTATE OF DAVID BENNIE HAAGENSON,

Deceased.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Bradley D. Dantic; Worden, Thane & Haines;
Missoula, Montana

For Respondent:

Michael Sol; Sol & Wolfe Law Firm;
Missoula, Montana

Guardian Ad Litem:

Alice E. Kennedy; Attorney at Law; Missoula, Montana

Submitted on Briefs: November 6, 1997

Decided:   November 25, 1997
Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Sara and Benjamin Haagenson filed a petition in the District Court for the Fourth

Judicial District in Missoula County in which they sought removal of Darla Zenker-Haagenson as personal representative, and for supervised administration of the Estate of David B. Haagenson. Following a hearing, the petition was denied. Sara and Benjamin appeal. We affirm the order of the District Court.

The issue on appeal is whether the District Court abused its discretion when it denied the appellants' petition.

### FACTUAL BACKGROUND

David B. Haagenson and Kathy Finneman married in 1974. They had two children, Sara and Benjamin, who are now 18 and 17 years old, respectively. David and Kathy divorced in August 1988. Afterward, they shared joint custody and support of the children.

In November 1988, David married Darla Zenker. In April 1991, David suffered a heart attack and stroke from which he was permanently disabled. He lost much of his ability to speak, write, and read, as well as many other motor functions. Nonetheless, David maintained his ability to drive and remained intellectually competent. Shortly after he became disabled, he and Darla stopped living together. During the following years, both David and Darla expressed their desire to divorce, and Darla filed a petition for dissolution of marriage with the District Court in April 1996, two weeks before David's death. However, due to David's hospitalization, she did not inform David of the petition and ultimately withdrew it. At the time of David's death on April 30, 1996, they were still married.

After David's disability, he and Darla brought a malpractice action against the doctors who had been responsible for his treatment following his heart attack and stroke. The suit was eventually settled for approximately $900,000; Darla received approximately $200,000; and David received approximately $700,000. The parties to the settlement were bound by a confidentiality agreement not to disclose specific details of the settlement, although the terms of the agreement permitted disclosure to immediate family members.

After David received the settlement funds, he established a conservatorship at First Trust Company of Montana to protect and manage most of his financial affairs. David's parents and Kathy were under the impression from David that a trust of some type had also been established to provide for the children, although none had actually been created. Despite the requests of Darla, Sara and Benjamin, and other family members, David did not have a will prepared or do any other estate planning prior to his death at age forty-two in April 1996.

On June 5, 1996, Darla applied to the District Court for appointment as personal representative of David's estate, and she was appointed. Darla continued to use First Trust Company of Montana to administer the estate. She gave public notice to potential creditors of the estate and paid all creditor claims, except four claims made by the appellants in November 1996. She also arranged for an auction of items from the estate and sold David's new truck; all proceeds from the sales and from other assets of the estate were deposited with First Trust Company of Montana.

In January 1997, the appellants filed a petition for removal of Darla as personal representative and for supervised administration of the estate. After a hearing on March 28, 1997, the District Court denied the petition.

DISCUSSION

Did the District Court abuse its discretion when it denied the appellants' petition?

We review a district court's decision regarding removal of a personal representative to determine whether the district court has abused its discretion. See In re Estate of Peterson (1994), 265 Mont. 104, 108, 874 P.2d 1230, 1232; In re Estate of Nelson (1990), 243 Mont. 276, 278, 794 P.2d 677, 678; In re Estate of Stone (1986), 223 Mont. 327, 330, 727 P.2d 508, 511.

Pursuant to õ 72-3-526(2), MCA, a district court may find cause for removal of the personal representative:

(a) when removal would be in the best interests of the estate; or

(b) if it is shown that . . . the personal representative has disregarded an order of the court, has become incapable of discharging the duties of his office, or has mismanaged the estate or failed to perform any duty pertaining to the office.

The appellants did not allege in their petition for removal that Darla had disregarded an order of the court. They alleged only that due to a conflict of interest with the children and with David she had become unable to discharge the duties of a personal representative, and that she mismanaged the estate and had failed to perform the duties of her office.

Among the specific allegations made by the appellants was their contention that Darla's failure to pay support claims made by the children justified her removal. The claims, however, listed no basis for the requested amounts, which totaled approximately $200,000. The appellants rejected Darla's attempts to learn the basis of the claims and did not provide grounds for the amount, nor did they present testimony at the hearing to justify the specific claims. In fact, there was testimony that the children were receiving approximately $600 each month as Social Security benefits because of David's

disability.

Furthermore, Darla explained that she doubted whether in her fiduciary capacity she could deplete the children's share of the estate by essentially paying a support claim to the children's mother, who did not have an interest in the estate. As a result of her hesitation, she moved for, and the District Court appointed, a guardian ad litem to protect the children's interests. Therefore, in light of the overwhelming evidence to support Darla's initial denial of the claims and the appellant's failure to present evidence other than the initial allegations, we conclude that the District Court did not abuse its discretion when it found Darla's denial insufficient grounds on which to base her removal.

Another allegation was that Darla improperly disposed of estate items, including a claim that she sold David's truck without first giving notice to or allowing the children to purchase it. The appellants offered no evidence at the hearing regarding Darla's disposal of the items, and rely almost exclusively on their pleadings to assert that it is "uncontroverted" that Darla mismanaged the estate by the manner in which she disposed of the items. The District Court heard testimony that all proceeds from any items of the estate which had been sold were deposited with the remainder of the estate funds, and that Darla accounted for all items of the estate. We conclude that the District Court did not abuse its discretion when it determined that the appellants' mere allegations were an insufficient basis on which to find that she mismanaged the estate and that she should be removed as personal representative.

The appellants alleged that Darla was at fault for her actions related to the malpractice suit, and that she has a concomitant conflict of interest with the estate that renders her unable to perform her duties as personal representative. They contend that she manipulated David's decisions during the lawsuit, unjustifiably seized a substantial share of the settlement, failed to pursue malpractice claims against David's attorneys on behalf of the estate, and deceived family members about the terms of the settlement and the confidentiality agreement.

At the hearing, however, the testimony from David's family members merely stated their surprise at being excluded from the lawsuit and at eventually learning that no trust for the children had been established. It also addressed the poor relationship between Darla and David. There was conflicting testimony about David's competency, but most of the testimony affirmed that David was in fact competent and able to make and communicate his own decisions. The appellants' evidence at the hearing ultimately

failed to address the potential impropriety of Darla in her role as personal representative. Instead, it implicitly challenged David's lifetime financial decisions to not prepare a will, to not disclose details of the settlement, and to not create a trust for the children.

The testimony did not address Darla's involvement between the time that David received the settlement and created the conservatorship, and the time that he died. Nor did it establish a connection between Darla's role in the lawsuit and her alleged inability to act in the best interests of the estate. Therefore, the only relevant evidence regarding the malpractice claim which was before the District Court was that Darla acquired control at David's death of his settlement proceeds, the only significant asset in the estate. However, evidence before the District Court that Darla planned to distribute the estate according to the laws of intestacy established that whatever Darla's conduct may have been with regard to the lawsuit, that conduct gave rise to no conflict of interest that might affect her duties as personal representative. We conclude that the District Court did not abuse its discretion when it denied Darla's removal as personal representative based on her involvement in David's medical malpractice claim.

Finally, the appellants contend that Darla's failure to comply with certain notice provisions and other administrative duties constitutes grounds for her removal. Beyond their pleadings, however, they provided the District Court with no other evidence of these alleged omissions. They also cite Darla's failure to determine and allow for a family allowance, but the appellants presented no evidence at the hearing regarding a family allowance and, in fact, filed the petition for family allowance after the hearing. As such, that issue was not properly before the District Court and cannot be raised for the first time on appeal. See Cenex, Inc. v. Board of Comm'rs for Yellowstone County (Mont. 1997), 941 P.2d 964, 968, 54 St. Rep. 695, 698 (citing State v. Weeks (1995), 270 Mont. 63, 86, 891 P.2d 477, 491); Rasmussen v. Lee (1996), 276 Mont. 84, 88, 916 P.2d 98, 100. Therefore, we conclude that the District Court did not abuse its discretion when it found the evidence of Darla's alleged failure to conduct her duties insufficient for her removal.

The appellants contend for the first time in their reply brief that the District Court did not allow them a fair and adequate opportunity to present their case because it gave

each party a limited time to present evidence.  However, we will not address on appeal the merits of an issue presented for the first time in a reply brief.  See Rule 23 (c), M.R.App.P.; Loney v. Milodragovich, Dale & Dye, P.C., (1995), 273 Mont. 506, 512, 905 P.2d 158, 162; Denend v. Bradford Roofing & Insulation (1985), 218 Mont. 505, 509-10, 710 P.2d 61, 63-64.  Accordingly, the appellants' assertion that they should not be prejudiced for their failure to produce evidence at the hearing in support of their allegations is not properly before this court.

We conclude that based upon the record and the testimony at the hearing, the District Court did not abuse its discretion when it was unconvinced by the appellants' allegations and denied their petition for removal and supervised administration.  We affirm the order of the  District Court.

/S/   TERRY N. TRIEWEILER

We Concur:

/S/  J. A.  TURNAGE
/S/  JAMES C. NELSON
/S/  JIM REGNIER
/S/  WILLIAM E. HUNT, SR.