DA 06-0442

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 354

IN THE MATTER OF THE ESTATE OF
MARY JANICE ANDERSON-FEELEY,

Deceased.

APPEAL FROM:     District Court of the Twenty-Second Judicial District,
In and For the County of Carbon, Cause No. DP-03-11,
Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Mark D. Parker, Parker, Heitz & Cosgrove, PLLC, Billings, Montana

Richard W. Heard, Heard & Howard, PLLP, Columbus, Montana

For Appellee:

David L. Charles, Crowley, Haughey, Hanson, Toole & Dietrich,
P.L.L.P., Billings, Montana

Submitted on Briefs:  February 22, 2007

Decided:  December 19, 2007

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 William Feeley (Feeley) appeals from the order of the Twenty-Second Judicial District Court, Carbon County, removing him as personal representative of the estate of Mary Janice Anderson-Feeley (Jan) and appointing James Hadachek (Hadachek) as personal representative.

¶2 Feeley raises the following issue on appeal: Did the District Court abuse its discretion in concluding that good cause existed for the removal of Feeley as personal representative of Jan's estate? We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Jan married Feeley in early 1998. Jan was sixty-nine years old when she married Feeley, who was in his early forties. Jan prepared a will in 1997, leaving three quarters of her estate to her three children while leaving the final one quarter to Feeley. She also designated Feeley as her attorney-in-fact. At the time Jan executed her will, she had assets in excess of four million dollars. Jan's will also provided that Feeley would serve as the personal representative of the estate and that if Feeley was not able to serve, Hadachek (Jan's son) would act as personal representative. At the time of Jan's death, on February 18, 2003, the size of her estate had dissipated substantially. Feeley was appointed to act as personal representative for Jan's estate on March 14, 2003. Hadachek later learned that "essentially all of the assets and money [Jan] had had disappeared before she passed away." Specifically, the value of Jan's estate at the time of her death was less than $30,000.

¶4 Hadachek and his siblings filed suit against Feeley, and others, in the Thirteenth Judicial District Court, Yellowstone County, asserting claims of undue influence, breach of fiduciary duty, breach of express trust, constructive trust/unjust enrichment, and conversion. Feeley moved to dismiss the claims, arguing that only Jan's estate could bring such claims. In response, Hadachek moved to remove Feeley as the personal representative of Jan's estate. The District Court, after hearing oral argument and reviewing the parties' briefs, granted Hadachek's motion, removed Feeley as personal representative, and appointed Hadachek as the personal representative of Jan's estate. Specifically, the court pointed to the following evidence in respect to Hadachek's claims against Feeley: (1) Jan expressed a clear desire to have each of her children receive one quarter of her estate; (2) at the time her will was prepared, Jan's estate was estimated to be in excess of four million dollars; (3) Feeley had a power of attorney to act for Jan, which created a fiduciary duty; (4) Feeley and Jan were married shortly before Jan's sixty-ninth birthday; (5) Jan's medical records suggest that Jan may have suffered from cognitive impairment as well as physical infirmities during the time her estate was depleted; and (6) Feeley obtained significant transfers of assets from Jan, resulting in her estate containing less than $30,000 at the time of her death.

¶5 Feeley appeals. Additional facts will be discussed herein as necessary.

## STANDARD OF REVIEW

¶6 We review a district court's decision regarding the removal of an estate's personal representative to determine whether the court abused its discretion. *In re Estate of Kuralt*, 2001 MT 153, ¶ 11, 306 Mont. 73, ¶ 11, 30 P.3d 345, ¶ 11; *In re Estate of*

*Peterson*, 265 Mont. 104, 108, 874 P.2d 1230, 1232 (1994); *In re Estate of Obstarczyk*, 141 Mont. 346, 352-53, 377 P.2d 531, 534-35 (1963).

## DISCUSSION

¶7     *Did the District Court abuse its discretion in concluding that good cause existed for the removal of Feeley as personal representative of Jan's estate?*

¶8     In his petition for removal of Feeley as personal representative of Jan's estate, Hadachek argued that Feeley has a conflict of interest in that Feeley will not pursue claims against himself, contrary to the best interests of the estate. After a hearing on May 31, 2006, to determine whether Feeley should be removed as personal representative of Jan's estate, the District Court determined that Feeley had a conflict of interest which would not serve the best interests of the estate. The court expressed no views on Hadachek's claims against Feeley, focusing solely on the issue of whether Feeley should be removed as personal representative of Jan's estate. Based on the evidence presented, which revealed Feeley's conflict of interest, the District Court removed Feeley as personal representative of Jan's estate.

¶9     A personal representative may be removed for cause in certain situations under § 72-3-526, MCA, which provides in pertinent part:

> **72-3-526. Termination of appointment -- removal for cause.** (1) A person interested in the estate may petition for removal of a personal representative for cause at any time. Upon filing of the petition, the court shall fix a time and place for hearing. Notice shall be given by the petitioner to the personal representative and to other persons as the court may order. . . .
>
> (2) Cause for removal exists:
> (a) when removal would be in *the best interests of the estate*; or

4

> (b) if it is shown that a personal representative or the person seeking his appointment intentionally misrepresented material facts in the proceedings leading to his appointment or that the personal representative has disregarded an order of the court, has become incapable of discharging the duties of his office, or has mismanaged the estate or failed to perform any duty pertaining to the office.

(Emphasis added.) Removal of a personal representative for cause pursuant to § 72-3-526, MCA, is within the discretion of the district court, and we will not overturn a removal unless there is clear abuse of discretion. *Peterson*, 265 Mont. at 108, 874 P.2d at 1232 (citing *In re the Estate of Nelson*, 243 Mont. 276, 278, 794 P.2d 677, 678 (1990)).

¶10    In *Peterson*, we held that the district court did not abuse its discretion in the removal of the estate's personal representative and explained that "[a] conflict of interest is sufficient for removal of the personal representative for cause under § 72-3-526, MCA." *Peterson*, 265 Mont. at 109, 874 P.2d at 1233. There, the decedent, Justin Peterson, was rendered a quadriplegic as a result of a swimming accident. Justin retained Ernest F. Boschert and Michael J. Whalen to represent him in his personal injury action against the owners of the property on which he was swimming. Justin signed a contingency agreement providing Mr. Boschert and Mr. Whalen with 40 percent of any recovery if the case was set for trial or was tried. *Peterson*, 265 Mont. at 106, 874 P.2d at 1231. Mr. Boschert and Mr. Whalen filed a two-page complaint against the owners of the property, requested and acquired a trial date from the court, and then settled the case. As a result, Mr. Boschert and Mr. Whalen were entitled to 40 percent of Justin's $3,125,000 recovery pursuant to the contingency agreement. *Peterson*, 265 Mont. at 106-07, 874 P.2d at 1231.

¶11 Following Justin's death, Mr. Whalen was appointed as Justin's personal representative pursuant to a will he had drafted for Justin shortly after the settlement. Justin's brother, David Peterson, thereafter filed a petition to have Mr. Whalen removed as personal representative, alleging that the attorney fees Mr. Whalen and his co-counsel received were excessive in relation to the amount of work done in connection with Justin's personal injury claim. *Peterson*, 265 Mont. at 107, 874 P.2d at 1232. We affirmed the District Court's determination that Mr. Whalen should be removed for cause since he could not be expected to pursue a claim against himself on behalf of Justin's estate. We held that the potential claim against Mr. Whalen was sufficient to create a conflict of interest, and such conflict of interest was sufficient for removal of Mr. Whalen as personal representative. *Peterson*, 265 Mont. at 109, 874 P.2d at 1233.

¶12 Here, the District Court pointed to evidence that Feeley may have transferred significant assets from Jan for his personal benefit, as Jan's estate had been devalued from over four million dollars to less than thirty thousand dollars. Moreover, the court took note of the power of attorney between Jan and Feeley, which created a fiduciary duty on the part of Feeley towards Jan. Finally, the District Court pointed out the differences between Jan's and Feeley's respective ages at the time of their marriage and that Jan's cognitive and physical condition had deteriorated at the time she was transferring assets into Feeley's name.

¶13 Based on our review of the record and the findings of the District Court, it is clear that sufficient evidence of a conflict of interest existed to justify removal of Feeley as personal representative of Jan's estate, pursuant to § 72-3-526, MCA. The existence of a

potential claim against Feeley is sufficient to create a conflict of interest, and such conflict of interest is sufficient for removal of Feeley as personal representative of Jan's estate. *Peterson*, 265 Mont. at 109, 874 P.2d at 1233. Like the District Court, we are making no determination as to the merit of Hadachek's underlying claims against Feeley. Rather, we simply agree with the District Court that Hadachek has presented sufficient evidence that a claim or claims against Feeley may exist. Applying the standard set forth in *Peterson*, we conclude the District Court did not abuse its discretion in removing Feeley as personal representative of Jan's estate.

¶14     The judgment of the District Court is affirmed.


/S/ JIM RICE


We concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ BRIAN MORRIS