JUSTICE McKINNON,
dissenting.
¶35 I cannot subscribe to the Court’s analysis under Issue One, although I agree that Appellants have standing to contest the decedent’s will. Further, the Court’s resolution of Issue Two is inconsistent with its resolution of Issue One. I fail to understand how an “interested person” with standing to contest a will does not similarly have standing to petition for removal of a personal *290 representative so designated because of provisions of that contested will. The Court’s analysis is flawed: first, in its failure to correctly apply statutory distinctions between informal and formal probate; and second, in its attempt to distinguish “interested person” for purposes of a will contest from “person interested in the estate” under the removal statute.
¶36 These proceedings began on December 11, 2012 as an informal probate when Mark Wagner submitted a will to the Clerk of the District Court requesting that the Clerk issue a statement of informal probate, § 72-3-215, MCA, and that the Clerk informally appoint him as personal representative pursuant to the provisions of the will, §§72-3-221 through -225, MCA. After reviewing the will, finding that the application was complete, and determining that Mark Wagner was nominated as personal representative in the will, the Clerk granted both requests. As a result, the “[i]nformal probate [was] conclusive as to all persons until superseded by an order in a formal testacy proceeding.” Section 72-3-215(2), MCA. (Emphasis added.)
¶37 On May 16,2013, pursuant to the provisions of § 72-3-301, MCA, allowing for formal testacy, Appellants filed a petition to convert the informal probate to a formal probate and requested that “the Court restrain the personal representative’s further administration of this estate in accordance with Mont. Code Ann. 72-3-304.” Appellants’ petition for formal probate requested relief pursuant to § 72-3-301(l)(a), MCA: that the court issue an “order as to the testacy of the decedent in relation to a particular instrument... and determin[e] the heirs.” As a basis for their petition, Appellants stated:
Petitioner requests to convert it to formal and set aside the informal probate proceedings for the reason that she questions the validity of the Last Will and Testament of Dennis Lawlor as it was executed less than thirty-six (36) hours before his passing. The Will was executed on December 6, 2012 and Dennis Lawlor died on December 7, 2012. In addition, Dennis was under the supervision of co-guardians and co-conservators, one of which drafted the Will and one of which is a witness to the Will as well as named Personal Representative. Petitioner does not believe that the decedent was competent at the time of executing said Will as the decedent suffered from, amongst other things, dementia, delirium and delusions, as set forth in the Petition for the Appointment of Guardianship and Conservatorship filed by John Wagner and Mark Wagner on June 14th, 2011 in Flathead County District Court and as further set forth in a letter from Dr. Michael R. Butz, licensed Psychologist, dated June 15,2012. The *291 Petition and letter are attached hereto as Exhibit A and B to this Brief.
The petition for formal probate, which may only be filed by an “interested person,” was uncontested. Appellants specifically requested relief pursuant to § 72-3-304, MCA. On October 21,2013, Appellants filed their motion to remove Mark Wagner as personal representative of the estate.
¶38 Section 72-3-302, MCA, explains that “[a] formal testacy proceeding is litigation to determine whether a decedent left a valid will.” As a result of an order granting formal probate, an informally probated will no longer “is conclusive as to all persons,” § 72-3-215(2), MCA, and a “previously appointed personal representative, after receipt of notice of the commencement of a formal probate proceeding, shall refrain from exercising the personal representative’s power to make any further distribution of the estate during the pendency of the formal proceeding,” § 72-3-304, MCA.
¶39 On January 3,2014, the District Court, after noting there was no objection from the personal representative or other devisees, issued an order converting the proceeding from an informal probate to formal probate. The court also restrained the personal representative from exercising his power to make further distributions pursuant to § 72-3-304, MCA.
¶40 With these statutory provisions in mind, we must consider whether Appellants had standing to contest the will and standing to request removal of the Mark Wagner as the personal representative. The Court correctly applies rules of intestacy to conclude that Audrey is an heir of the Estate if the will is invalidated. As the Court observes, “Audrey would stand to gain from invalidation of the Will and probate in intestacy... [therefore] she is an interested person with standing to contest the Will.” Opinion, ¶ 20.
¶41 However, the Court’s reasoning that follows is flawed, and its subsequent conclusion that Appellants may not petition for removal is incorrect. Despite the Court having found that Audrey “would stand to gain” as an heir, Opinion, ¶ 20, the Court finds that she “does not have a ... property interest in the Estate,” Opinion, ¶ 25. The Court concludes, in violation of the above statutory provisions, that “[t]he pending will contest does not change this presumption of testacy, § 72-3-215(2), MCA, and does not otherwise create a property right upon which standing can be based.” Opinion, ¶ 27. Not only does this misconstrue statutory provisions as explained above, but it is inconsistent with the Court’s conclusion that Audrey has standing to contest the will. The Court states that “Audrey has no interest in the *292 outcome of the petition for removal for cause,” and that she has stated “no ‘particular purpose’ for a petition for removal for cause that would grant Audrey standing.” Opinion, ¶ 32. However, Audrey has alleged causes of action against the Wagners that include tortious interference with a business relationship and constructive fraud, that the Wagners exercised undue influence over the decedent in the Will’s execution, that the Wagners gave themselves $180,000 of the estate prior to the decedent’s death, and that the Wagners deeded half the estate’s real and personal property to themselves. The Appellants assert that Mark Wagner cannot investigate the claims against himself and will not investigate the claims against his brother.
¶42 Cause for removal pursuant to § 72-3-526(2), MCA, exists when, among other things, the personal representative has a conflict of interest with the Estate. In re Estate of Peterson, 265 Mont. 104, 108-09, 874 P.2d 1230, 1232-33 (1994); In re Estate of Jones, 93 P.3d 147, 156 (Wash. 2004) (citing In re Estate of Rohrback, 952 P.2d 87, 89 (Or. Ct. App. 1998) and Genins v. Boyd, 305 S.E.2d 391, 392 (Ga. Ct. App. 1983)). Appellants have presented prima facie evidence in support of their removal request. As they have an interest in preserving the Estate as disinherited heirs in a will contest proceeding, they have standing to request removal of the personal representative. In re Estate of Hitchcock, 167 P.3d 1180, 1183 (Wash. Ct. App. 2007) (under Washington statute, heir has standing to petition for removal of personal representative). Appellants seek to protect their interests in the event the Will is invalidated. In light of the Court’s conclusion that “interested person” and “person interested in the estate” are synonymous, a determination that Appellants lack standing to pursue removal of the personal representative is nonsensical.
¶43 Where, as here, a disinherited heir contests the validity of a will and argues for removal of the personal representative, presenting prima facie evidence of both, the disinherited heir is a person interested in the estate and has standing to contest the validity of the will and to request removal of the personal representative.
¶44 I would reverse the District Court on both issues.