# FILED

August 13 2013

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 13-0060

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2013 MT 228

IN THE MATTER OF THE ESTATE OF
JEREMIAH BENNETT,

     Deceased.

| | |
|---|---|
| APPEAL FROM: | District Court of the Twentieth Judicial District,<br>In and For the County of Sanders, Cause No. DP 12-30<br>Honorable C.B. McNeil, Presiding Judge |

COUNSEL OF RECORD:

     For Appellant:

          Lon J. Dale; Michael D. Bybee; Milodragovich, Dale & Steinbrenner, P.C., Missoula, MT

     For Appellee:

          Robert Terrazas, Julia D. Goodkind, Terrazas Law Office, Missoula, MT
          Keith W. McCurdy, McCurdy Law Firm, P.C., Polson, MT

               Submitted on Briefs:   June 26, 2013

                         Decided:   August 13, 2013

Filed:

                  _____
                               Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Abel Robert Bennett appeals from the District Court's December 19, 2012, Order Granting Petition for Formal Probate. We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2    Jeremiah Bennett died intestate in September 2012, the victim of a motor vehicle accident caused by another driver. His two minor children survived the accident but sustained injuries. The children reside with their mother, Jeremiah's ex-spouse Sabrina. Jeremiah and Sabrina were divorced in 2010. The District Court appointed Jeremiah's ex-spouse Sabrina conservator and guardian for the children.

¶3    Jeremiah's father Abel opened an informal probate of Jeremiah's estate (§ 72-3-201, MCA) and on October 19, 2012, the Clerk of the Court appointed him personal representative (PR), § 72-3-225 , MCA. On November 14, 2012, Sabrina, through her attorney, filed a "Petition for Formal Adjudication of Intestacy, Determination of Heirs, Appointment of Personal Representative and For Supervised Administration." She objected to the appointment of Abel as PR and nominated herself as PR of the estate in her capacity as guardian and conservator of the children. The District Court held a hearing on Sabrina's motion on December 11, 2012, receiving testimony, exhibits and proposed findings from both sides. The District Court issued an order on December 19, 2012, granting Sabrina's petition for supervised administration, removing Jeremiah's father Abel as PR of the estate, and appointing Sabrina as PR.

2

¶4 Abel petitioned for a writ of supervisory control, and this Court denied the petition by an order on February 6, 2013. A second petition for supervisory control by Abel is pending as of the time of this Opinion. Abel now appeals pursuant to M. R. App. P. 6(4), and the issue on appeal is whether the District Court properly ordered that Abel be removed and replaced by Sabrina as PR. Other matters concerning the Estate of Jeremiah Bennett are still pending before the District Court.

## STANDARD OF REVIEW

¶5 This Court reviews a district court's decision regarding the removal of a personal representative to determine whether the district court abused its discretion. *In re Estate of Zempel*, 2000 MT 283, ¶ 12, 302 Mont. 183, 14 P.3d 441. A district court abuses its discretion when it acts arbitrarily without employing conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice. *Zempel*, ¶ 12. A personal representative may be removed for cause under § 72-3-526, MCA, and "cause" includes anything that is in the best interests of the estate. *In re Estate of Greenheck*, 2001 MT 114, ¶ 19, 305 Mont. 308, 27 P.3d 42.

¶6 A district court's appointment of a personal representative is reviewed to determine whether the district court correctly applied the law. *In re Estate of Kuralt*, 2001 MT 153, ¶ 11, 306 Mont. 73, 30 P.3d 345.

## DISCUSSION

¶7 It is clear that the District Court had wide discretion as to the appointment of a PR for Jeremiah's estate. *Zempel*; *Greenheck*; § 72-3-526, MCA. The District Court determined that it was in the best interests of the estate to remove Abel and to appoint Sabrina. Upon

consideration of the District Court's Order Granting Formal Probate, and the facts and applicable law, Abel has not demonstrated that the District Court failed to follow the law, or that it abused its discretion. Abel has not demonstrated that he has any claim of entitlement to the position of PR of the estate.

¶8 The principal point of contention between Abel and Sabrina concerns the proceeds of legal claims that have or may arise from Jeremiah's death. Abel contends that Sabrina intends to exclude him from any monetary recovery for Jeremiah's death. Under Montana law there can be only a single action to recover for a person's death, and that action must be maintained by the PR of the estate. The PR does so on behalf of those who may have a claim to a share of the proceeds of any action, under the supervision of the district court. *See Hern v. Safeco,* 2005 MT 301, ¶¶ 35-36, 329 Mont. 347, 125 P.3d 597. Issues as to the claims or causes of action Sabrina pursues as PR, or the disposition of the proceeds, are not before this Court in this limited appeal.

¶9 Section 72-3-502, MCA, governs the priority of appointment of a PR for Jeremiah's estate as among those persons who are not disqualified by § 72-3-501, MCA. The District Court determined that the first five priorities for appointment as PR under § 72-3-502, MCA, were inapplicable, and that the first applicable category was "other heirs of the decedent." The District Court determined that Jeremiah's two minor children are the sole heirs of his intestate estate under § 72-2-113(a), MCA. That statute provides that when, as here, there is no surviving spouse, the entire estate passes "to the decedent's descendants." Those descendants are Jeremiah's children.

4

¶10    Section 72-3-501(1), MCA, disqualifies the children themselves from serving as PRs of Jeremiah's estate because they are under the age of 18. However, § 72-3-505, MCA, provides that a guardian "may exercise the same right to nominate, to object to another's appointment . . . that the protected person or ward would have if qualified for appointment." The District Court therefore concluded that Sabrina, in her capacity as guardian and conservator of the children, was entitled to act for the children to object to Abel's appointment and to nominate herself as PR.

¶11    Abel argues that he is an "other heir" entitled to preference under § 72-3-502(6), MCA, because he claims to have a cause of action for wrongful death arising from Jeremiah's death. However, we need not decide whether Abel is an "other heir" under the priority provided by § 72-3-502(6), MCA. There is no doubt that Jeremiah's children are heirs entitled to object to Abel's appointment. Section 72-3-526(2)(a), MCA, provides the District Court with the authority to remove a PR if it determines that doing so would be in the "best interests of the estate." Here the District Court made that determination and was well within its discretion to remove Abel. *Greenheck*, ¶¶ 19-20.

¶12    In this case, it is both efficient and logical that Sabrina be the PR of Jeremiah's estate. She is the natural mother of Jeremiah's children, as well as their custodial parent and appointed guardian and conservator. Sabrina and the children are residents of Montana where the estate is being probated and where any claims or lawsuits arising from Jeremiah's death will be resolved. Because of her representative status on behalf of her children, the heirs of the decedent, she is not precluded in that capacity for appointment as PR.

¶13 Abel argues that under §§ 72-2-812 and -814, MCA, Sabrina is disqualified from serving as PR of Jeremiah's estate because she and Jeremiah were divorced. Abel contends that she is therefore not a "surviving spouse" entitled to the priority of § 72-3-502(2), MCA, and that a divorced spouse is disqualified from any consideration for appointment as PR. The District Court held that at most §§ 72-2-812 and -814, MCA, would prohibit an ex-spouse from being appointed PR if nominated by a prior will. Nothing in either statute conflicts with the provisions of § 72-3-505, MCA, allowing guardians and conservators to nominate or object to the appointment of a PR, even if that guardian is an ex-spouse. Under our general rules of statutory construction, statutes should be read together and when possible giving meaning to both acts. Section 1-2-101, MCA; *Spoklie v. Montana DFWP*, 2002 MT 228, ¶ 24, 311 Mont. 427, 56 P.3d 349.

¶14 The District Court properly concluded that the cited statutes "contain no prohibition of a duly appointed guardian and conservator of minor heirs from serving as a personal representative of an intestate estate even though such conservator may also be an ex-spouse of the decedent."

¶15 Since § 72-3-501(1), MCA, did not disqualify Sabrina from serving, once Abel had been removed as PR, the District Court had discretion under § 72-3-507, MCA, to appoint Sabrina as PR in this formal proceeding, whether or not she had priority. No party contends that any other person with priority should have been appointed. Under the facts and circumstances of this case, we conclude that the District Court did not abuse its discretion by deciding that the best interests of the estate supported removing Abel and appointing Sabrina as PR of Jeremiah's estate.

6

¶16     The District Court is affirmed.  This Court declines to entertain Abel's request for sanctions.


/S/ MIKE McGRATH


We concur:

/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ BRIAN MORRIS


Justice Jim Rice, concurring.

¶17     The appointment of a former spouse as personal representative seems to clearly contravene the general effort made in the probate code to ensure that a former spouse cannot take property from the decedent or his estate.  To me, it is incongruent to prohibit a former spouse from taking property, yet permit her to administer the estate and presumably pay herself for doing so.  Nonetheless, a former spouse is not expressly prohibited from serving under § 72-3-501, MCA, nor from serving on behalf of the children, who are heirs with priority under § 72-3-502, MCA, as their guardian and conservator.  Section 72-3-505, MCA, grants guardians and conservators the right to "nominate," "object," and "participate" in determining the heirs' preferences, which ostensibly includes the right to nominate herself, although says nothing about *serving* as personal representative on behalf of the protected person.  After assessing these provisions, I cannot disagree with the Court's decision.  If the

7

result here is contrary to the intended objective of the probate code, that objective has not been obtained by the language of these provisions, and legislative revision may be necessary.


/S/ JIM RICE