FILED

05/28/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0199

DA 23-0199

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 112N

IN THE MATTER OF THE ESTATE OF:

LYLE JAMES HEAVY RUNNER,

    Deceased.

APPEAL FROM:    District Court of the Eighth Judicial District,
                In and For the County of Cascade, Cause No. DDP-21-0056
                Honorable John W. Parker, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Bradley J. Jones, Bulman Jones & Cook PLLC, Missoula, Montana

        For Appellee:

            Jason T. Holden, Katie R. Ranta, Faure Holden Attorneys at Law,
            P.C., Great Falls, Montana

                                    Submitted on Briefs:  March 20, 2024

                                            Decided:  May 28, 2024

Filed:

                    _____
                                    Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Martina Heavy Runner appeals an Eighth Judicial District Court order affirming the appointment of Nakoa Heavy Runner as personal representative (PR) of Lyle Heavy Runner's estate.

¶3 We affirm.

¶4 Lyle and Martina Heavy Runner had lived separately for 16 years when Lyle passed away on October 23, 2020. Their separation was mediated in 2008, and Lyle and Martina both signed a handwritten separation agreement reflecting the mediation. Ultimately, Lyle and Martina signed a property settlement agreement (PSA) reflecting similar terms in 2009, but dissolution proceedings never occurred.

¶5 The PSA provided that Martina "releases and forever discharges" Lyle "[and] his . . . personal representative . . . from any and all rights, claims demands and obligations except as herein specifically provided and each Party is forever barred from having or asserting any such right, claim, demand or obligation at any time hereafter for any purpose . . . ."

2

¶6	On February 19, 2021, Nakoa Heavy Runner, one of Lyle's three sons, filed an Application for Informal Probate and Appointment of Personal Representative. The Clerk of the District Court granted informal probate and appointed Nakoa as PR.

¶7	On September 21, 2021, Martina filed a second probate, asserting her priority for appointment as Lyle's surviving spouse, and was issued letters as the PR. Nakoa objected, and a scheduling conference and status hearing was set for December 20, 2021. Martina did not appear at that hearing. Martina's letters were thus revoked on December 27, 2021, and a hearing was set for March 24, 2022. On June 2, 2022, a contested hearing was held on the issue of whether Nakoa should remain PR, or whether Martina should be appointed and Nakoa removed.

¶8	The District Court affirmed Nakoa's appointment on June 29, 2022, and Martina appealed the District Court's ruling on retaining Nakoa as PR on March 30, 2023.

¶9	On appeal, Martina argues that as surviving spouse, she has priority for appointment as a matter of law under § 72-3-502, MCA. Nakoa counters that he was properly appointed because Martina renounced priority in the PSA, which is an enforceable contract regardless of her marital status.

¶10	We find it unnecessary to address the merits of Martina's marital status or the enforceability of the PSA.

¶11	The District Court had discretion to determine whether or not to remove Nakoa after he was appointed PR in informal probate. *In re Estate of Bennett*, 2013 MT 228, ¶ 5, 371 Mont. 270, 312 P.3d 400 (reviewing removal of a personal representative for an abuse of discretion). Likewise, the District Court had discretion to deny Martina's contested

petition for appointment because of her apparent conflict with Lyle. *In re Estate of Kuralt*, 2001 MT 153, ¶ 11, 306 Mont. 73, 30 P.3d 345 (refusal to appoint PR because of conflict reviewed for an abuse of discretion).

¶12 Under the facts of this case, it was not an abuse of discretion for the District Court to retain Nakoa as personal representative.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶14 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

4